455 P.2d 909

D. C. WATSON and Anna M. Watson, husband and wife; and Leon M. Watson and Barbara Watson, husband and wife, Plaintiffs and Respondents,

v.

Donald M. WHITE and Lavine H. White, husband and wife, Defendants and Appellants.

No. 11321.

Supreme Court of Utah.

June 18, 1969.

**8**

Ronald C. Barker, Salt Lake City, for appellants.

John W. Palmer, St. George, for respondents.

ANDERSON, District Judge.

The defendants appeal from an order of the trial court, C. Nelson Day, Judge, Fifth District Court, dismissing defendants' answer and counterclaim.

In May of 1962 plaintiffs filed their complaint as the sellers of the Arrowhead Hotel (in St. George) seeking specific performance of the contract of purchase by the defendants. Service of summons was made by publication and by mailing a copy to their last known addresses and to an attorney and a real estate agent. In October 1962 an ex parte order was made appointing T. P. Durrant, a tenant of the hotel, as the receiver to possess, operate and maintain the property. In February 1964 he filed an account and report of his activities as receiver and an order was entered approving the same and discharging him from further responsibility. The account shows that he was appointed October 17, 1962, entered upon the duties of his office and operated the property until June 1, 1963, when it was repossessed by the plaintiffs. They resold the premises in 1964.

No legal action appears of record by defendants until January 1968 when an answer and counterclaim was filed in their behalf, some five and a half years after the filing of the complaint and about four and a half years after the plaintiffs resumed possession of the property from the court-appointed receiver. Upon the filing of the answer and counterclaim, plaintiffs' new attorney (Mr. Orval Hafen, their previous attorney, having died), filed a motion to dismiss, claiming the circumstances made out a total default. Their position was that the record itself evidenced laches which precluded them from asking the court's assistance in hearing their counterclaim. Upon the hearing of the motion to dismiss, the court entered an order striking and dismissing the an-

swer and counterclaim with prejudice and then dismissed plaintiffs' complaint.

Defendants acknowledge that prior to the time they filed their answer and counterclaim plaintiffs would have been entitled to dismiss this action by filing a notice of dismissal as provided in Rule 41 (a) (1) (i), U.R.C.P., but contend they were without right to do so after the filing of the same. The burden of their position is that Rule 41(a) (2) can only be construed to permit dismissal if the counterclaim can remain pending for independent adjudication.

Further, defendants urge that the plaintiffs are asserting estoppel and that this may only be raised as an affirmative defense, pleaded in a responsive pleading, and not raised by motion.

The language of Rule 41(a) (2) is as follows:

By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The facts of the case at hand fall squarely within the boundaries of the foregoing rule. Plaintiffs filed a complaint, completed service by publication, and years passed in which the action might have been dismissed under Rule 41(a) (1), but for some reason it was not done. Finally defendants filed their answer and counterclaim. This was done, as stated by the rule, "prior to the service upon him of the plaintiff's motion to dismiss." And, therefore, it would appear to follow, as stated by the rule, "the action shall not be dismissed against the defendant's objection * * *." which was clearly made in this case. The only circumstance in which the action may then be dismissed is when (as stated by the rule) "the counterclaim can remain pending for independent adjudication by the court."

The only apparent basis for the trial court's ruling would be a belief that upon the record he could rule as a matter of law that the defendants were guilty of laches and should not be able to stand on their counterclaim at that late date.

It is true that the rule begins by saying that the dismissal may only be had "upon such terms and conditions as the court deems proper." This may seem, on cursory examination, to allow the court to weigh

the equities presented by the respective parties and to act as it did here, assuming there was such a total default on the part of one party as plaintiffs charge to defendants in this case. This phrase, quoted above, is construed to mean (see Rule 41 (a) (2), Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B) that the court shall make certain that the dismissal is not granted unless the defendants are protected under the circumstances. It envisages the situation in which there may be a compulsory counterclaim involved and hence the need for protecting the right of the defendant to have the independent adjudication talked of in the rule.

In view of the plain language of the rule and its intended meaning, we can only conclude that the lower court erred in assuming that it had a discretion to exercise in behalf of plaintiffs in this case. The motion to dismiss defendants' answer and counterclaim should therefore have been denied.

Notwithstanding what does appear upon this record to have been an unusual delay in the filing of the answer and counterclaim after the commencement of this suit, in view of the plain language of Rule 41(a) (2) discussed above, and under the circumstances here shown, we can see no justification for the dismissal of the counterclaim. There are issues to be tried and this may well include consideration of the problem of laches if properly presented.

The rules cited by plaintiffs, while helpful, are not dispositive of the critical issue at hand, the proper application of Rule 41(a) (2).

The order of the lower court granting plaintiffs' motion to dismiss defendants' answer and counterclaim is vacated and the matter remanded to the District Court of the Fifth District for further proceedings consistent with this decision. The parties to bear their own costs.

CROCKETT, C. J., and ELLETT, J., concur.

CALLISTER, Justice (dissenting).

After a review of the record, I cannot agree with the conceptualization of the instant action by the majority opinion, since Rule 12(b) (6), U.R.C.P., has been entirely excluded from consideration. The majority opinion reasons that the action could not be dismissed because defendants filed a counterclaim prior to plaintiffs' motion to dismiss, Rule 41(a) (2), U.R. C.P.

Plaintiffs' motion should be considered as it was pleaded, and then the error in the majority opinion will be revealed. Plaintiffs moved: (1) that the defendants' answer be stricken and counterclaim be dismissed with prejudice on the ground that defendants should be estopped to assert their claim after their total, absolute and continued default in this action since the year 1962; (2) that in the event the

court grants the first motion, plaintiffs' action be dismissed with prejudice.

The majority opinion apparently has adopted a contention urged by defendants that an affirmative defense such as laches or estoppel may only be pleaded in a responsive pleading and may not be raised by motion.

Rule 8(c) might seem to imply that affirmative defenses may be raised only by a pleading (where one is required or permitted) and not otherwise. This, however, is too narrow a construction of the rule. * * * Under the 1946 amendment to Rule 12(b), it is also made clear that a defendant may raise an affirmative defense by a motion to dismiss for failure to state a claim; * *. By analogizing the motion to a motion for summary judgment, however, the amended Rule 12(b) clearly permits affirmative defenses to be raised by motion. The affirmative defense raised by motion to dismiss may be handled solely under Rule 12(b), without resort to summary judgment procedure, where the defense appears on the face of the complaint itself. * * *[1]

Defendants' answer and counterclaim are dated 16th of January, 1968; plaintiffs' complaint was filed the 24th of May, 1962. Plaintiffs asserted in their motion to dismiss that defendants should be estopped to assert their counterclaim at that date. There is no basis to contend in the instant case that the trial court abused its discretion by its refusal to give aid to the counterclaimants who have long slept on their rights.

Both laches and estoppel are *bars* which in certain circumstances may be raised to defeat a right or claim a party otherwise would have. The courts refuse to give their aid to the party who has slept on his rights or who because of his actions or inaction when action was required is not fairly entitled to relief.[2]

After the trial court properly dismissed defendants' counterclaim under Rule 12(b)(6), U.R.C.P., the court then properly granted plaintiffs' motion to dismiss their complaint. The judgment of the trial court should be affirmed.

TUCKETT, J., concurs in the dissenting opinion of CALLISTER, J.

HENRIOD, J., having disqualified himself, does not participate herein.

1. 2A Moore's Federal Practice (2d Ed.), § 8.28, pp. 1863–1864. Also see 1A Barron and Holtzoff Federal Practice and Procedure, § 279, pp. 167–171; Coughlin v. Ryder (U.S.D.C.E.D.Pa.1966), 260 F. Supp. 256, 260, wherein the court held that a motion to dismiss under Rule 12 will be sustained where laches can be determined without the necessity for further factual inquiry.

2. Petterson v. Ogden City, 111 Utah 125, 136, 176 P.2d 599 (1947).