RELIANCE NATIONAL LIFE INSURANCE
COMPANY, Plaintiff and Respondent,

v.

James E. CAINE, dba Caine Agency, Defend-
ant, Counterclaimant and Appellant.

No. 14474.

Supreme Court of Utah.

Oct. 8, 1976.

Weston L. Bayles, Salt Lake City, for
defendant counterclaimant and appellant.

James P. Cowley and Zar E. Hayes,
Watkiss & Campbell, Salt Lake City, for
plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from an order granting plain-
tiff's motion to dismiss. Affirmed, with
costs to plaintiff.

In February 1956, Reliance hired Caine
as agency supervisor. Less than six
months later, in August 1956, it fired
Caine, and sued him two months later for
advances given him and for premiums col-
lected by him and not remitted to the com-
pany. Caine filed a counterclaim.

Caine's counsel withdrew a year later, in
October 1957. Reliance served notice of
readiness for trial a little over two years
later, in January 1960, Caine appearing
with new counsel. A year later, in Janu-
ary 1961, the court signed a memorandum
judgment in favor of Reliance for $6,762.
Three years later, in December 1964, Caine
appeared with counsel number three, claim-
ing there were matters still before the
court, and 1¼ years later his counsel with-
drew. A year later, in April 1967, with
counsel number four, he filed a motion
for Caine to re-open the case or enter
judgment, and in the next month, May
1967, Reliance filed and the court signed
Findings and Judgment for $6,762 as re-
flected in the memorandum judgment of
January 1961 (supra) theretofor signed.

Caine filed an appeal about three weeks
later, and about ten months later, in March
1968, this court reversed and remanded [1]
the case for a new trial because the evi-

1. *Reliance National Life v. Caine*, 20 Utah 2d 427, 439 P.2d 283 (1968).

dence was so fragmentary that such procedure was necessary for clarification.[2]

After the appeal and remand, neither plaintiff nor defendant filed any pleading to expedite the trial,[3] until seven and one-half years later in October 1975, when Caine, with counsel number five, asked for a trial date. Reliance filed a motion to dismiss Caine's counterclaim for failure to prosecute under Rule 41(b),[4] Utah Rules of Civil Procedure, which motion was granted, resulting in this second appeal.

Caine's counsel presents facts favorable to his position to the effect that in a series of unforeseen and unfortunate events his client's cause was unavoidably protracted, but that his cause had not expired by the passage of the nineteen years, or the seven and one-half years during which latter period he did nothing to advance the litigation, punctuated however, by the untimely death of one of his counsel.

A case like this, which ordinarily is determinable in the sound discretion of the trial court, coupled with the doctrine that if that discretion has substance in believable, admissible evidence, though controversial in nature, appellate review calls for affirmance and consequently, based on the record, we are constrained to and do affirm the decision.

Caine leans heavily on *Watson v. White*,[5] a 3–2 opinion written by a district judge sitting for one disqualified on this court. A cursory examination of that case reveals the factual differences from the instant case. Without reviewing that case or others, we believe and hold that other cases we have decided,[6] more nearly are akin to this one, and are factually and as a matter of principle dispositive here.

ELLETT, MAUGHAN, and CROCKETT, JJ., and THORNLEY K. SWAN, District Judge, concur.

---

2. Mr. Justice Ellett wrote a vigorous dissent that made considerable sense in arguing affirmance, but the majority felt that it was reasonable to permit the parties to record all the pertinent, but missing evidence, in the interest of justice.

3. Upon remand, Caine having prevailed, it would appear that it was to his interest immediately to press for a trial.

4. Rule 41(c) applies similar requirements as to counterclaims.

5. 23 Utah 2d 7, 455 P.2d 909 (1969).

6. *Thompson Ditch v. Jackson*, 29 Utah 2d 259, 508 P.2d 528 (1973); *Brasher v. Brown*, 23 Utah 2d 247, 461 P.2d 464 (1969).