335 P.2d 624

CRYSTAL LIME & CEMENT CO., a corporation, Plaintiff and Appellant,

v.

Golden W. ROBBINS and Harriet J. Robbins, his wife, Defendants and

Respondents.

No. 8948.

Supreme Court of Utah.

Feb. 24, 1959.

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellant.

Milton V. Backman, William H. Henderson, Golden W. Robbins, Salt Lake City, for respondents.

WADE, Justice.

Appeal by the Crystal Lime & Cement Company from a judgment dismissing with prejudice its suit to quiet title to certain tracts of land.

The facts are that appellant herein commenced this suit to quiet title to certain tracts of land and defendants herein filed an answer and counterclaim seeking to have title to these and other tracts of land quieted in themselves. The court quieted title in appellant but did not require it to reimburse respondents the amounts they had expended in paying the taxes on these tracts. In 1949 this court reversed the lower court because it had erred in failing to grant the defendants therein reimbursement for taxes paid even though it had correctly determined that plaintiff therein was entitled to have its title quieted. We there said on pages 323–324 of 116 Utah, at page 743 of 209 P.2d:[1]

---

1. Crystal Lime & Cement Co. v. Robbins, 116 Utah 314, 209 P.2d 739.

"We hold, therefore, that the plaintiff should be required to reimburse the defendants for the amount expended by them in purchasing their tax title to the 145 acres from the county, exclusive of any premium the defendants might have paid, but only up to that amount which would have been due had the property been properly assessed by the Tax Commission during those years. Because it may be some time before the State Tax Commission makes an assessment for those years it omitted to do so, if it ever makes an assessment at all, the lower court should fashion the relief granted to the parties to meet this exigency. It would work an injustice on the plaintiff to delay entering a decree quieting title in it until the Tax Commission acts. The lower court, could for instance, require the plaintiff to reimburse the defendants for the amount paid by them and if there were any liklihood that the assessment for those back years, if and when made by the Tax Commission, would be substantially less than that made by the county assessor, exact from defendants assurance that the defendants would repay to the plaintiff the difference."

On June 5, 1950, appellant filed a notice of application for judgment in accordance with the opinion of this court. A hearing on this motion was held on June 19, 1950, at which time evidence was taken to determine the proper amount to which respondents herein were entitled to be reimbursed. At that hearing appellant attempted to prove the amount the State Tax Commission assessed the land for the year 1950 and taking that assessment as a criterion of what the State Tax Commission would have assessed the land for the years in dispute, offered to reimburse respondents what it claimed would have been the assessments for those years had the State Tax Commission done the assessing. The court refused to allow appellant to prove the amount of the assessment made by the Tax Commission for the year 1950 indicating that it agreed with respondents' contention that the mandate of this court was that all taxes actually paid by respondents should be repaid to them; unless only when and if the State Tax Commission actually made assessments for the years in question which would be less than the amounts paid by respondents, then in those events appellant herein would only be required to pay the amounts so assessed.

Appellant's attorney thereupon stated:

"Well, I take it the order then is that we should reimburse him to the extent of $235.74 in acquiring the tax deed; $35.69 taxes for 1943, $37.06 taxes for 1944; $46.48 taxes for 1945; $46.43 taxes for 1946, making a total of $401.40, that we should be required

to do that as a condition to having our decree quieted.

\*    \*    \*    \*    \*    \*

"The Court: With interest, yes."

No written finding of fact and judgment were made, instead only a minute entry was made that the court found the issues in favor of the defendant and against the plaintiff and "the matter is dismissed." Thereafter appellant on August 8, 1953, filed a motion to dismiss the action. A minute entry shows this motion was denied by the court.

On May 28, 1958, appellant filed a motion to dismiss for lack of prosecution and motion for decree quieting title in accordance with the opinion of the Supreme Court. Another minute entry shows these motions to have been denied by the court. No findings of fact nor judgments were entered on any of the motions made by appellant. However, on July 21, 1958, respondent filed a motion to dismiss with prejudice and appellant filed an answer to this motion as well as filing a motion to enter an order in accordance with the mandate of this court or for the entry of a written judgment. After hearing of these motions the court granted respondents' motion to dismiss with prejudice and an order and judgment to that effect were entered.

As stated by respondent, the only question to be determined is whether the trial court abused its discretion in dismissing the action with prejudice under the provisions of Rule 41 (b), U.R.C.P., which reads:

"Involuntary Dismissal. Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. \* \* \* If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

It is respondents' contention that the court did not abuse its discretion in dismissing with prejudice appellant's action under the provisions of Rule 41(b) because appellant had refused to reimburse respondents for the amount the court ordered as a condition of having its title quieted but instead failed for many years to prosecute the action with diligence to bring it to a conclusion to the annoyance and harassment of respondents. Respondents further contend that Rule 41(b) applies to plaintiffs and not defendants who fail to prosecute or comply with an order of the court and that this rule was enacted for the bene-

fit of defendants to save them annoyance and harassment by plaintiffs who file suits but fail to prosecute them with diligence or refuse to obey the rules and orders of the court.

Respondents' contentions might be very persuasive if they had not filed counterclaims in the action asking that title be quieted in them and also asking that in the event title was not quieted in them that appellant herein be required to reimburse them the amounts they expended for taxes. In asking for such affirmative relief they were in effect cross-complainants in the action. This court held that the district court was right in quieting appellant's title but nevertheless reversed the action because the court failed to grant respondents herein the affirmative relief requested by them, that is, the amounts which would be due for taxes had the proper authorities made the assessments and suggested that in the absence of such assessments the amounts actually paid by respondents herein should be reimbursed them with the provision that some assurance should be extracted from respondents herein to repay appellant any difference in the amounts paid them if the amounts assessed by the proper assessing authority for the periods in question should be less than those actually paid by respondents. Under our holding in that case respondents were entitled to be reimbursed for the amounts they had ex-

pended plus the legal interest subject to the condition stated above. It can, therefore, hardly be reasonably argued that they were harassed and annoyed by appellant's action in failing to draw and present to the court findings of fact, conclusions of law and decree embodying the decision of the court granting them the amounts they claimed when they had it in their power at all times to obtain relief by themselves presenting such findings and decree to the court for its signing. Had this been done a final judgment could have been entered quieting title in appellant subject to payment by appellant to respondent[2] within a reasonable time the amounts requested by respondents and granted by the court. Then if appellant failed to pay these amounts within such reasonable time as ordered by the court, the court could quiet title in respondents. Such action would have given both parties the relief to which this court had determined they were entitled. Since any party to this action could have obtained the relief to which it was entitled at any time it had wanted but both parties chose to dally for a number of years, it was an abuse of discretion for the court to grant respondents' motion to dismiss with prejudice.

Reversed with instructions to have a hearing to determine the amounts due respondents and to make findings of fact,

2. Reeve v. Blatchley, 106 Utah 259, 147 P.2d 861.

conclusions of law and a decree quieting title in appellant subject to payment by appellant within a reasonable time of such amounts as the court will find to be due and upon respondents' giving the required assurance that they will repay any excess should the State Tax Commission ever make any assessment for the years in question which would require such a repayment by respondents. In view of the history of this case, it is the opinion of this court that 30 days is a reasonable time within which appellant should be required to make payment. Should appellant fail to make such payment within 30 days its action shall be dismissed with prejudice. Each party to bear its own costs.

CROCKETT, C. J., and WORTHEN, HENRIOD, and McDONOUGH, JJ., concur.