**Susan E. MAXFIELD, as guardian ad litem for Laurie Ann Maxfield, Plaintiff and Appellant,**

v.

**Kenneth O. FISHLER, Defendant and Respondent.**

No. 13955.

Supreme Court of Utah.

Aug. 1, 1975.

Boyd M. Fullmer of Fullmer & Harding, Salt Lake City, for plaintiff and appellant.

John H. Snow, Worsley, Snow & Christensen, Salt Lake City, for defendant and respondent.

HARDING, District Judge Pro Tem.:

Plaintiff appeals from the trial court's order dismissing her complaint with prejudice for failure to prosecute pursuant to Rule 41(b), Utah Rules of Civil Procedure.

The basic question is whether or not the trial court abused its discretion in dismissing the action.

The complaint, for medical malpractice, was filed October 18, 1972, and process was served on October 23, 1972. The defendant answered on November 13, 1972. The plaintiff was a nonresident of Utah, and defendant filed a notice requiring security for costs. The plaintiff failed to file a bond within one month as required by Rule 12(j), Utah Rules of Civil Procedure, and on December 26, 1972, the defendant moved for a dismissal. The plaintiff was ordered to file the bond by January 3, 1973. No bond whatever was filed until January 10, 1975, at the time the notice of appeal was filed.

On January 25, 1973, the defendant took the plaintiff's deposition. Neither party took any further action in the case until March 14, 1974, when defendant submitted interrogatories and asked that the case be set for trial. Plaintiff objected to the interrogatories and to the setting of the case for trial on the grounds of insufficiency of time to answer the interrogatories and that discovery had not been completed. The objections were not noticed for hearing, but a trial date was set for October 29, 1974, with a jury. Additional interrogatories were submitted by defendant on May 20, 1974, which went unanswered, and on October 18, 1974, the defendant moved for an order to require answers or for dismissal of the claim. The answers were filed October 24, 1974, five days before the trial date.

On the trial date, plaintiff, her husband, and her counsel, and the defendant and his counsel were present. Plaintiff's counsel requested a conference with the court in chambers before selecting the jurors to try the case. At the conference plaintiff's counsel acknowledged that he had no medical expert to testify. He stated that the person he had hoped to have testify was absent from the jurisdiction when he had attempted to subpoena him four days earlier and would not return by the trial date. No medical experts had been deposed or even contacted for the purpose of testifying by plaintiff's counsel. Plaintiff's counsel moved for a continuance. The court asked plaintiff's counsel to make an offer of proof of the testimony he expected of the medical expert. Plaintiff's counsel stated that one of the doctors who had cared for the child for whom damages were being sought had said that the defendant had done nothing wrong in caring for the child, but claimed that the same doctor had made contrary statements to the plaintiff. That was the extent of the offer of proof as far as plaintiff's claim was concerned.

The court determined that a sufficient showing of diligence or of justification for a continuance had not been made and denied the motion.

Plaintiff's counsel now states that he could have proceeded with the trial using only the parents of the child and the defendant doctor as an adverse witness on the question of the proper standard of care of a medical doctor. The record does not show that a request to so proceed was ever made.

No showing was made that plaintiff's counsel had made or attempted to make any discovery of evidence to support the action. The record showed that plaintiff or her counsel had been dilatory in responding to defendant's efforts at discovery, and had resisted his attempts to resolve the issues by getting the case to trial.

It is evident that plaintiff was not ready to proceed at the time the trial date arrived; that such failure was the result of

inexcusable neglect in failing to prepare and prosecute her claim with reasonable diligence; and that no justification for continuance was shown as required by Rule 40(b), Utah Rules of Civil Procedure. If Rule 41(b), Utah Rules of Civil Procedure, is to be effective in expediting and resolving litigation, it must require litigants to prosecute their claims with due diligence, or accept the penalty of dismissal.

The ruling of the trial court is affirmed. Costs to respondent.

HENRIOD, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):

This case was dismissed for failure to prosecute on the very day it was to be tried. The plaintiff moved for a continuance in order for her to obtain an expert witness, and the defendant thereupon moved for the dismissal of the action.

In the light of the history of this case, I think the court might have been justified in refusing to continue the matter, but I do not see how the court could dismiss it for failure to prosecute at trial unless the plaintiff refused to produce evidence.

While it may have appeared to the trial judge that the plaintiff was certain to lose the case in the absence of an expert witness, I think he could not for that reason dismiss the case. He should have ordered the plaintiff to proceed to trial. A dismissal might have been proper at the conclusion of her evidence, but not before it was offered.

I would reverse the judgment of dismissal and award costs to the appellant.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of Mr. Justice Ellett.

CROCKETT, J., having disqualified himself, does not participate herein.