Calvin **JOHNSON** dba Johnson Collection Agency, Plaintiff and Appellant,

v.

**FIREBRAND, INC., et al., Defendants and Respondents.**

No. 15056.

Supreme Court of Utah.

Nov. 16, 1977.

---

Dan S. Bushnell and Larry R. White of Kirton, McConkie, Boyer & Boyle, Salt Lake City, for plaintiff and appellant.

Gerald G. Gundry, Paul N. Cotro-Manes, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

The sole issue presented on this appeal is this: Did the trial court abuse its discretion in dismissing the plaintiff's complaint with prejudice for lack of prosecution? The complaint was filed January 25, 1972, and sought to collect a debt allegedly due in the sum of $38,580.79.

Plaintiff took the deposition of David D. Bean on July 7, 1972, and that of Hugh Gardner on December 13, 1972. David D. Bean filed an answer on February 10, 1972, wherein he denied any knowledge of the matter. On February 9, 1972, some of the defendants filed a motion to dismiss. The record does not show that this motion was ever ruled upon and presumably it is still pending. The defendants, other than Firebrand, filed another motion to dismiss on December 29, 1972, which motion was denied January 23, 1973.

Nothing further was done by either party to the action, and the matter lay in limbo until December 13, 1976, when plaintiff obtained new counsel and the original counsel withdrew from the case.

On January 17, 1977, the defendants, other than Firebrand and Bean, filed their answer and moved to dismiss for failure to prosecute. One week later Bean joined in the motion to dismiss.

On January 19, 1977, the plaintiff served notice of a motion to publish the deposition of Hugh Gardner.

The motion to dismiss for failure to prosecute was argued and granted with prejudice on January 24, 1977.

As to the lack of prosecution, it seems that neither party had any active interest in the matter for nearly four years. No reasons are given for the delay nor is any reason given for not entering the default of all defendants save that of David D. Bean who had answered. Since either party could have brought the matter to a conclusion it is difficult to see why the plaintiff should be denied his claim to more than $38,000 simply because counsel for plaintiff did not take a default judgment. The original counsel was not at the hearing on the motion to dismiss. Had he been present, counsel might have explained his tender feelings towards the defendants as to why he did not take a default judgment against them.

The case of *Crystal Lime & Cement Co. v. Robbins*[1] is of interest. There, a matter lay in limbo from June 5, 1950 to May 28, 1958, when a motion was made to dismiss for lack of prosecution. This Court said:

> . . . Since any party to this action could have obtained the relief to which it was entitled at any time it had wanted but both parties chose to dally for a number of years, it was an abuse of discretion for the court to grant respondents' motion to dismiss with prejudice.

Another case bearing on the question is that of *Maxfield v. Fishler*.[2] There, the complaint was filed on October 18, 1972, and trial date was scheduled for October 24, 1974. At the time set for trial, the plaintiff was not ready and moved for a continuance in order to secure an expert witness. The court granted a defense motion to dismiss for failure to prosecute. This Court, by a 3 to 2 decision, affirmed, saying that the plaintiff was inexcusably negligent in the matter. The dissent pointed out that the court dismissed the case simply because the

1.  8 Utah 2d 389, 393, 335 P.2d 624 (1959).

2.  Utah, 538 P.2d 1323 (1975).

plaintiff moved for a continuance in order to secure an expert witness; and that the order should have been to deny the request for the continuance so that the plaintiff could have put on his case without the expert. It seems he should have had that opportunity.

The conduct of all parties cannot be readily explained; and in view of the fact that new counsel caused the case to be activated, it seems that the court abused its discretion in dismissing the case on a motion to dismiss that was filed at the same time as the answer.

The judgment is reversed and the case remanded for trial. Costs are awarded to the plaintiff.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.