**CHARLIE BROWN CONSTRUCTION CO., INC., a Nevada Corporation, Charlie Brown and Carma Brown, Plaintiffs and Appellants,**

v.

**LEISURE SPORTS INCORPORATED, a Nevada Corporation, West Village Unit No. One, Mt. Holly Recreation Community, Conrad H. Koning, and Amy J. Koning, Defendants and Respondents.**

No. 860119–CA.

Court of Appeals of Utah.

Aug. 17, 1987.

Jackson Howard, Leslie W. Slaugh, Provo, for appellants.

Russell J. Gallian, Gallian, Drake & Westfall, St. George, for respondents.

Before JACKSON, BENCH and ORME, JJ.

## OPINION

BENCH, Judge:

Plaintiffs appeal an order of the district court denying their motion to set aside the dismissal of their complaint. We affirm.

Plaintiffs are the purchasers and owners of certain lots at Mount Holly Ski Resort. Defendants are the developers of the area. On June 15, 1981, plaintiffs filed a complaint against defendants to compel completion of certain road improvements. At defendants' request, plaintiffs posted a non-resident cost bond pursuant to Utah R.Civ.P. 12(j). Defendants then filed their answer on July 6, 1981.

Ten and one-half months later, on May 27, 1982, plaintiffs filed a motion to amend their complaint and a notice to take defendants Conrad and Amy Koning's depositions. At defendants' request, the depositions were postponed to July 9, 1982. On June 14, a hearing was held on plaintiffs' motion to amend their complaint. Plaintiffs failed to appear and the motion was denied subject to renewal at a later date. On June 21, 1982, John B. Maycock filed an appearance as defendants' co-counsel. Subsequently, defendants' original counsel, Scott J. Thorley, withdrew.

On July 9 and 16, 1982, defendants filed motions for protective orders requesting their depositions not be taken. Defendants based their motions on protective orders issued in concurrent federal litigation. The court never ruled on the motions, nor did plaintiffs pursue their requested depositions. Plaintiffs filed interrogatories with the court on April 4, 1983, nine months after defendants' motions for protective orders. Plaintiffs' counsel mistakenly mailed a set of the interrogatories to Thorley, defendants' former counsel, who never forwarded the interrogatories to Maycock.

On December 5, 1983, after eight more months of inactivity, the court sua sponte filed an order to show cause why the case should not be dismissed for failure to prosecute. The court ordered both parties to appear on March 19, 1984. Failure to appear "[would] be considered as acquiescence to entry of an order of dismissal and the judgment [would] be entered by the Court without further notice to the parties." The court also filed a notice for a pre-trial hearing, also set for March 19, 1984. Plaintiffs realized the error with the interrogatories and entered into a stipulation with defendants allowing defendants thirty more days to respond. The stipulation also gratuitously stated, "this matter should be stricken from the Court's Pre-Trial Calendar until the parties have completed their discovery or until either party requests a Pre-Trial Conference."

The morning of March 19, plaintiffs' counsel telephoned the trial court judge and informed him of the stipulation. The trial court excused the parties' absence and in a second order to show cause continued the pre-trial to April 16, 1984. A transmittal letter, which referred to the telephone conversation and the stipulation, was filed on March 22. On April 16, 1984, the court again continued the matter for sixty days. A signed stipulation was filed on April 19, 1984. On April 30, 1984, the trial court sua sponte mailed notices to the parties setting trial for June 18, 1984. Plaintiffs contacted the trial court executive and explained the stipulation. The trial court executive, rather than vacating the date, sent revised notices changing the trial setting to a pre-trial hearing.

On June 15, 1984, plaintiffs' counsel personally spoke to the trial court judge in St. George. Counsel explained the stipulation and informed the judge a settlement was likely. The court allegedly excused the parties from appearing at the June 18 hearing. However, when the matter was called on June 18 and neither party was present, the judge ordered the case dismissed. In a minute entry, the court stated:

This matter was called on hearing for a Pre-Trial Conference. No one appeared on behalf of either party. This matter had been set several times for pre-trial and no one had ever appeared. The Court ordered the matter dismissed with prejudice and on the merits. The minute entry will serve as the Order of Dismissal. A copy is to be mailed to the respective parties.

The court clerk mailed copies of the unsigned minute entry to both parties on June 28.

Due to error, allegedly on the part of plaintiffs' counsel's secretary, the minute entry did not come to plaintiffs' counsel's attention until seven months later in January, 1985.[1] When plaintiffs' counsel became aware of the minute entry, he attempted to consult with the trial court and defendants. Unable to do so, he filed a motion on February 25 to set aside the dismissal. At a hearing on March 18, 1985, the court reviewed the entire file and considered arguments of counsel.[2] The court, noting plaintiffs' failure diligently to prosecute their lawsuit, affirmed the dismissal and entered orders accordingly.

 On appeal, plaintiffs contend the trial court erred in denying plaintiffs' motion to set aside the dismissal. Plaintiffs argue under Utah R.Civ.P. 41(b) the court has no authority to dismiss for failure to prosecute absent a motion by defendants. The rule states, "For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The language in Rule 41(b) merely permits, not requires, a motion by defendant. The Utah Supreme Court, in *Brasher Motor and Finance Co. v. Brown*, 23 Utah 2d 247, 461 P.2d 464, 464–65 (1969), states, "In dismissing an action for want of prosecution, the court may proceed under [Rule 41(b)], or it may, of its own motion, take action to that end." *See*

*also Wilson v. Lambert*, 613 P.2d 765, 768 (Utah 1980). Under the comparable federal rule, the United States Supreme Court similarly held:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962).

As stated in *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340, 1344 (Colo.1985), "The burden is upon the plaintiff to prosecute a case in due course without unusual or unreasonable delay." Plaintiffs are required "to prosecute their claims with due diligence, or accept the penalty of dismissal." *Maxfield v. Fishler*, 538 P.2d 1323, 1325 (Utah 1975). Dismissal for failure to prosecute is a decision within the broad discretion of the trial court. This Court will not interfere with that decision unless it clearly appears that the court has abused its discretion and that there is a likelihood an injustice has been wrought. *Department of Soc. Serv. v. Romero*, 609 P.2d 1323, 1324 (Utah 1980).

At the March 18 hearing on plaintiffs' motion to set aside the dismissal, the court reviewed the entire file. The court reviewed plaintiffs' ten and one-half months delay after defendants filed their answer

---

1. During this seven month period, Maycock filed a notice of withdrawal and defendants Konings, in reliance on the minute entry, sold their shares in co-defendant Leisure Sports, Inc.

2. Defendants opposed plaintiffs' motion, arguing their counsel never had been authorized to enter into any stipulation to delay the action. The claim is of questionable relevance and is not a factor in our decision.

and plaintiffs' failure to attend the hearing on their motion to amend their complaint. The court reviewed plaintiffs' failure to pursue a ruling on defendants' motion for protective orders against the requested depositions. The court reviewed another ten month delay before plaintiffs pursued another discovery device, namely the interrogatories. The court also reviewed eight months more of delay before plaintiffs discovered defendants did not have the interrogatories. Finally, and as noted by the court in its order denying plaintiffs' motion to set aside the dismissal, the court reviewed yet another eight months delay by plaintiffs from the time notification of the minute entry was received until they filed a motion to set aside the dismissal.

■ Plaintiffs argue the court erred in dismissing their action in light of the court's alleged excusal of both parties' appearance at the June 18 hearing. Plaintiffs contend the trial court was bound by the parties' prior stipulation to postpone any pre-trial conference which was communicated to and filed with the court. However, a trial court is not necessarily bound by a mere stipulation between parties which has not been incorporated in an order where the stipulation attempts to wrest from the court control of its own calendar. *See Lake Meredith*, 698 P.2d at 1346.

■ Regardless of whether the trial court never knew of, ignored, or simply forgot about the stipulation, plaintiffs themselves failed to comply with the intent of the stipulation. The primary purpose of the stipulation was to provide defendants an additional thirty days to respond to the interrogatories. When the thirty day period expired and no response had been received, plaintiffs did not move under Utah R.Civ.P. 37 for an order compelling discovery nor attempt in any way to move the case forward.

■ Plaintiffs do not claim the stipulation as an excuse for any of their numerous delays. Rather, plaintiffs' counsel asserts secretarial error as an excuse for the delay after receipt of the minute entry. Generally, law office delays or failures are unacceptable excuses for failure to prosecute.

*Valente v. First Western Savings and Loan Ass'n*, 528 P.2d 699, 700 (Nev.1974).

■ Plaintiffs last argue the trial court erred in dismissing their action *with prejudice and on the merits*. Rule 41(b) states, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." Plaintiffs cite three Utah Supreme Court cases which reversed a trial court's dismissal with prejudice as an abuse of discretion. *Johnson v. Firebrand, Inc.*, 571 P.2d 1368 (Utah 1977) (motion to dismiss filed at the same time as defendant's answer); *Utah Oil Co. v. Harris*, 565 P.2d 1135 (Utah 1977) (delay due to settlement negotiations); *Crystal Lime & Cement Co. v. Robbins*, 8 Utah 2d 389, 335 P.2d 624 (1959) (failure to consider counterclaims). These three cases are readily distinguishable. The facts of this case are much closer to those of *Maxfield v. Fishler*, 538 P.2d 1323 (Utah 1975). In *Maxfield*, the Utah Supreme Court affirmed a trial court's dismissal with prejudice against the plaintiff for "inexcusable neglect in failing to prepare and prosecute her claim with reasonable diligence." *Id.* at 1324–25. In the instant case, the trial court provided plaintiffs "an opportunity to be heard and to do justice." *Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975). Plaintiffs nevertheless abused their opportunity through dilatory conduct.

We therefore find no abuse of discretion and affirm the trial court's order denying plaintiffs' motion to set aside the dismissal. Costs to defendants.

ORME and JACKSON, JJ., concur.