**Gina M. HILL, Plaintiff and Appellant,**

v.

**Dr. Carl DICKERSON, Defendant and Appellee.**

No. 920271–CA.

Court of Appeals of Utah.

Oct. 9, 1992.

Douglas M. Durbano (argued) and Walter T. Merrill, Ogden, for plaintiff and appellant.

David G. Williams (argued) and Terence L. Rooney, Snow, Christensen & Martineau, Salt Lake City, for defendant and appellee.

Before GARFF, ORME and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Gina M. Hill appeals from the district court's order dismissing her case with prejudice. We affirm.

## FACTS

In March 1990, Gina M. Hill filed a complaint against Dr. Carl Dickerson, alleging dental malpractice arising from treatment she received from February through April 1986.

The matter was originally set for trial on April 10, 1991. Two days before trial, Hill moved for a continuance of the trial on the ground that her expert witness, her new treating dentist, had declined to testify. Hill, acknowledging the need for expert testimony in order to establish her prima facie case, represented at that time that she had two other possible expert witnesses and would soon decide who would be called to testify.

On April 9, 1991, the district court granted Hill's motion and ordered the parties to exchange new expert witness lists, identifying their expert witnesses, by April 19, 1991. There was no provision in the district court's order for additional time to identify new fact witnesses. The district court further ordered that all discovery be completed twenty days before the new trial date of August 26, 1991.

On April 19, 1991, Dickerson served his expert list in accordance with the district court's order. On April 23, Hill's attorney contacted Dickerson's attorney and requested that Hill be allowed to defer retaining and designating her expert witness while settlement was being explored. Dickerson's attorney agreed.

Settlement efforts continued until June 28, 1991, at which time a mediation confer-

ence was scheduled. However, Hill refused to participate in that conference. After June 28, no further efforts at settlement were pursued.

On August 19, 1991, Hill sent a new witness list to Dickerson, naming a new expert witness and six additional fact witnesses, never previously identified. In response, Dickerson filed a motion in limine to preclude Hill from calling these new witnesses. At a hearing on August 26, Hill's attorney again admitted that expert testimony would be required in order for Hill to establish her prima facie case, stating that "for us to be precluded from having an expert ... defeats our entire case."

The district court granted Dickerson's motion on the basis that Hill's list was untimely and in violation of the court's April order. Moreover, the court found that Dickerson would be "seriously prejudiced" if the witnesses were allowed to testify. Hill orally moved for another continuance, which was denied. The district court then dismissed Hill's case with prejudice.

Hill appeals, claiming that the district court erred in: (1) denying her oral motion for a continuance, (2) granting Dickerson's motion in limine, and (3) dismissing her case with prejudice.

## I. MOTION FOR CONTINUANCE

■ The trial court has substantial discretion in deciding whether to grant continuances, *Christenson v. Jewkes*, 761 P.2d 1375, 1377 (Utah 1988), and will not be reversed on appeal unless it has abused that discretion by acting unreasonably. *Hardy v. Hardy*, 776 P.2d 917, 925–26 (Utah App.1989).

■ In the case at bar, Hill has failed to demonstrate that the district court's action in denying her oral motion for a continuance in August 1991 was an unreasonable action by the district court meriting reversal as an abuse of discretion. To the con-

trary, the fact that the district court had already granted Hill one continuance in April weighs heavily in favor of the court's decision. Moreover, Hill's second request for a continuance was solely due to her own failure to retain and designate a new expert witness in a timely manner. Under such circumstances, we find no abuse in the district court's denial of Hill's oral motion in August. *See id.* at 926.

## II. MOTION IN LIMINE

■ We will not reverse a trial court's determination on the admissibility of evidence absent an abuse of discretion impacting a party's substantial rights. *Hardy v. Hardy*, 776 P.2d 917, 924 (Utah App.1989). It is not an abuse of discretion for a trial court to refuse to admit "evidence which is not timely provided to the opposing party contrary to the court's instruction." *Id.* at 925.

■ In the present case, Hill's action in naming a new expert witness and six additional fact witnesses on August 19, 1991, was clearly contrary to the district court's instruction. First, Hill's action violated the court's April 9, 1991, order directing the parties to identify their expert witnesses by April 19, 1991. Secondly, Hill attempted to name several additional fact witnesses, despite the fact that the court's April order contained no provision for additional time to identify new fact witnesses. Thirdly, Hill's action also was inconsistent with the district court's order that all discovery be completed on August 6, 1991, twenty days before the new trial date. Lastly, the court found that to allow the newly named witnesses to testify would "seriously prejudice" Dickerson, a fact which has not been challenged by Hill on appeal. Thus, since Hill's untimely designation of her new expert witness violated the district court's instruction, the court's action in granting Dickerson's motion in limine clearly did not constitute an abuse of discretion. *See id.*[1]

1. Nor does it matter that the parties agreed between themselves to allow Hill further time to designate her new expert witness. First, a court has the right to control its own calendar. *See*

*Charlie Brown Constr. v. Leisure Sports, Inc.*, 740 P.2d 1368 (Utah App.) (A trial court is not bound by a mere agreement between the parties which has not been incorporated in an order

## III. DISMISSAL WITH PREJUDICE

Although dismissal with prejudice is a harsh penalty, there are numerous cases in which the Utah appellate courts have held that a party's dilatory conduct justified such action. In *Maxfield v. Fishler*, 538 P.2d 1323 (Utah 1975), the Utah Supreme Court affirmed the trial court's dismissal with prejudice based on the plaintiff's "inexcusable neglect in failing to prepare and prosecute her claim with reasonable diligence." *Id.* at 1324–25. Similarly, in *Charlie Brown Constr. v. Leisure Sports, Inc.*, 740 P.2d 1368 (Utah App.), *cert. denied*, 765 P.2d 1277 (Utah 1987), we held that, while a trial court must afford a plaintiff "an opportunity to be heard and to do justice," *id.* at 1371 (quoting *Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975)), it was not error for the trial court to dismiss the plaintiffs' case with prejudice due to their abuse of that opportunity through dilatory conduct. *Id.* Accordingly, we find that Hill had ample opportunity to litigate her case here, but abused such opportunity, and thus we affirm the district court's dismissal of her case with prejudice.

## CONCLUSION

The purpose of the Utah Rules of Civil Procedure is to effect total fairness for all parties in a suit. To allow one party to have continuance after continuance to the prejudice of the other party would be patently unfair. This is especially true when such continuances are being granted for the plaintiff who triggers the time constraints of litigation by bringing the suit in the first place. It is equally unfair to allow a party to name new witnesses several days before trial. Allowing a party to do so at the last minute not only prejudices the other party by foreclosing adequate opportunity to depose said witnesses and find opposing witnesses to respond to the new testimony, but also encourages parties to do so as a trial strategy. Accordingly, we affirm the district court's order dismissing Hill's case with prejudice.

GARFF, J., concurs.

ORME, Judge (concurring in part and concurring in the result in part):

I concur in parts I and III of the court's opinion. Because I have some trepidation about the majority's refusal to even consider, as a fact in mitigation, counsel's informal stipulation to extend plaintiff's time for supplementing her witness list, I concur only in the result of part II.

While the trial court may surely be concerned for its calendar and may impose reasonable deadlines to insure the calendar and its business are not disrupted, counsel ought to have some flexibility to resolve minor matters between themselves. Indeed, limited judicial resources are preserved by not requiring counsel to bother the court for approval every time they perceive some need to massage the preliminary details of a scheduling order.

In this case, with trial still four months off, no risk of disruption was posed to the court's basic schedule by permitting plaintiff to defer supplementing her witness list while settlement discussions progressed, at least for some reasonable time. To require counsel to reduce their understanding to writing and submit it to the court for an order of approval would not only require judge time to be expended on a pro forma matter, but also would require some part of counsel's time to be diverted from the salutary business of settlement discussions. But had such a stipulation been prepared and submitted, I have no doubt the court would have signed off on it, at least for a specific period, reasonable in

where that agreement "attempts to wrest from the court control of its own calendar." *Id.* at 1371 (citations omitted).), *cert. denied*, 765 P.2d 1277 (Utah 1987). Moreover, the agreement in the case at bar was not made until April 26, 1991, several days *after* the deadline set by the district court for the designation of experts had already passed. Lastly, to rule otherwise would

encourage parties to adopt a trial strategy of persuading their opponents to allow postponement of designation of expert witness while settlement is being pursued, only to designate an expert a few days before trial, at which time the opponent would have no time to depose the said expert or to find witnesses to oppose the new testimony.

duration, that would not jeopardize the discovery cut-off date.

I would prefer that the informal extension in this case not be dismissed out of hand. Rather, I would prefer to premise our decision at least partly on this basis: When settlement efforts terminated definitively on June 28, the extension terminated as well by its terms. It became incumbent on plaintiff's counsel *immediately* to designate his new expert. This he failed to do. Instead, nearly two months went by before he finally got around to submitting the new expert's name—a scant week prior to trial and *after* the discovery cut-off. Yes, this violated the terms of the scheduling order. Just as important in my view, it also violated the terms of counsel's stipulation.