**Robert D. RADCLIFFE, Plaintiff,**

v.

**Sia AKHAVAN, an individual; Joel M. Lasalle, an individual; General Display Corporation, a Utah corporation; and Does 1 through 10, inclusive, Defendants and Appellee.**

**Sia AKHAVAN, Counterclaimant and Appellee,**

v.

**Roland KAUFMANN; Robert D. Radcliffe; Republic International Corporation; and Does 1 through 10, inclusive, Counterclaim Defendants and Appellant.**

No. 920883–CA.

Court of Appeals of Utah.

May 31, 1994.

Paul M. Durham, G. Richard Hill (argued), Durham, Evans & Jones, Salt Lake City, for appellant, Kaufman.

Richard D. Burbidge, Douglas H. Holbrook (argued), Burbidge & Mitchell, Salt Lake City, Jeffrey P. Bloom, Stuart J. Gordon, Metzger, Gordon & Mortimer, co-counsel, Washington, DC, for appellee, Akhavan.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Judge:

Appellant Roland Kaufmann appeals the trial court's denial of his motion for continuance and its judgment in favor of appellee Sia Akhavan. We affirm.

## FACTS

This case arose out of Kaufmann's attempt to purchase Akhavan's ownership of General Display Corporation, a Utah corporation (General Display). Kaufmann's agents, Robert Radcliffe and Emmanuel Floor, entered into negotiations with Akhavan and the parties ultimately reached an agreement. Kaufmann later failed to pay Akhavan for his interest in General Display. . Thereafter, Robert Radcliffe filed an action against Akhavan and others, alleging fraudulent misrepresentation. Akhavan filed a counterclaim against Radcliffe, Kaufmann, Republic International Corporation (Republic), and others, alleging breach of contract, fraud, and violations of state securities laws. Akhavan later settled his claims against both Radcliffe and Republic.

Kaufmann, a Swiss investment banker, was served in Switzerland. Kaufmann failed to file a timely answer, and default judgment was entered against him. The parties later entered into a stipulation: Akhavan agreed to allow the default judgment to be set aside; Kaufmann agreed that service of process was proper, but preserved his right to object to personal jurisdiction. After the default judgment was set aside, Kaufmann filed a motion to dismiss based upon the trial court's lack of personal jurisdiction over him. The trial court heard oral argument and denied Kauf-

mann's motion to dismiss based upon his contacts with the State of Utah.

After discovery was completed, the trial court set trial for March 24, 1992. Kaufmann filed a motion for continuance based upon his counsel's scheduling conflict. The trial court granted Kaufmann's motion and reset trial for July 7, 1992. Thereafter, Kaufmann hired local counsel to file a second motion for continuance. The trial court denied this motion. On June 17, 1992, Kaufmann's out-of-state counsel moved for leave of court to withdraw as counsel because of Kaufmann's failure to pay his attorney fees. The trial court denied counsel's motion to withdraw. Kaufmann and his counsel failed to appear at the scheduled trial on July 7, 1992. The trial proceeded as scheduled and judgment was entered against Kaufmann for $566,570.12. This appeal followed.

## ISSUES

Kaufmann raises the following issues on appeal: (1) whether the trial court abused its discretion in denying his second motion for continuance; (2) whether the trial court had personal jurisdiction over him; (3) whether the trial court properly entered default judgment on July 7, 1992; and (4) whether the trial court erred in awarding consequential damages, thereby providing Akhavan with a double recovery.

## ANALYSIS

### Motion for Continuance

Kaufmann argues that the trial court's denial of his second motion for continuance was unreasonable under the facts of this case. We disagree.

A trial court has substantial discretion in determining whether to grant or deny continuances. *Hill v. Dickerson*, 839 P.2d 309, 311 (Utah App.1992). We will not reverse the trial court's determination unless it has abused its discretion by acting unreasonably. *Id.*

In *Hill*, plaintiff filed a motion for continuance two days prior to trial, based upon the fact that her expert witness refused to testi-

fy. The trial court granted this motion, allowing plaintiff ten days to identify another expert witness. Four months later, plaintiff submitted a new expert witness. Defendant filed a motion in limine to preclude plaintiff from calling the expert, as well as other witnesses. The trial court granted defendant's motion because the witness list was submitted only one week prior to the scheduled trial. Thereafter, plaintiff orally requested a second motion for continuance to obtain an expert witness. The trial court denied plaintiff's second motion. This court affirmed the trial court's denial based upon plaintiff's failure to demonstrate that the trial court's action was unreasonable. Specifically, this court based its decision upon the fact that the trial court had already granted one motion for continuance and the second motion was "solely due to [plaintiff's] own failure to retain and designate a new expert witness in a timely manner." *Id.*

■ Similarly, in the present case, the trial court granted Kaufmann's first motion for continuance and denied his second motion. The trial was originally scheduled for March 24, 1992. On approximately January 8, 1992, Kaufmann's out-of-state counsel filed a motion for continuance, which the trial court granted. On approximately February 10, 1992, notice was sent to Kaufmann's counsel that trial had been rescheduled for July 7, 1992. One month before the scheduled trial, Kaufmann's new local counsel filed a second motion for continuance. Shortly thereafter, Kaufmann's out-of-state counsel filed a motion to withdraw based upon the fact that Kaufmann had not paid his attorney fees. The trial court later denied Kaufmann's second motion for continuance.

Under these facts, the trial court acted reasonably in denying Kaufmann's second motion for continuance. Although aware of the rescheduled trial for four months, neither Kaufmann nor his counsel requested further continuance until one month prior to trial. The trial court had already granted Kaufmann one motion for continuance. Kaufmann's second motion for continuance was attributable to his own failure to pay attorney fees or to timely retain new counsel to prepare for the scheduled trial on July 7,

1992. Therefore, we conclude that the trial court properly denied Kaufmann's second motion for continuance.

### Personal Jurisdiction

■ To determine whether Utah courts can exercise personal jurisdiction over nonresidents, a two-part test must be met. First, the claim against the nonresident defendant must arise from the activities enumerated in the Utah long-arm statute. *Anderson v. American Soc'y of Plastic Surgeons,* 807 P.2d 825, 827 (Utah 1990). Second, the defendant's contacts with Utah must be sufficient to allow jurisdiction to be exercised without violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.* at 828.

### A. Utah's Long–Arm Statute

■ In Utah, jurisdiction over nonresidents is governed by Utah Code Ann. § 78–27–24 (Supp.1993), which provides, in pertinent part:

Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising from:

(1) the transaction of any business within this state;

*Id.* "The words 'transaction of [any] business within this state' mean activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the state of Utah." *Id.* § 78–27–23(2) (1992). Kaufmann's agents, Radcliffe and Floor, negotiated on numerous occasions in this state with Akhavan concerning Akhavan's potential sale of General Display stock to Kaufmann. Further, the undisputed affidavits demonstrate that Kaufmann visited the State of Utah on at least three separate occasions to assist in the negotiations concerning the sale of General Display, a Utah corporation. Moreover, the parties entered into an agreement in Utah, which provided that Kaufmann would purchase the Utah business. Thus, Akhavan's claim against Kaufmann clearly arises from Kaufmann's transaction of business within this state.

### B. Due Process

Due process requires that before a court can exercise personal jurisdiction over a nonresident defendant, the nonresident defendant's contacts with Utah must be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). Thus, defendant must have purposefully established minimum contacts within Utah, the forum state, such that the defendant could reasonably anticipate being haled into court here. *Bradford v. Nagle*, 763 P.2d 791, 794 (Utah 1988). Further, we must balance the convenience of the parties and the interests of the forum state in assuming jurisdiction by examining "the relationship of the defendant, the forum, and the litigation, to each other." *Mallory Eng'g v. Ted R. Brown & Assocs.*, 618 P.2d 1004, 1007 (Utah), *cert. denied*, 449 U.S. 1029, 101 S.Ct. 602, 66 L.Ed.2d 492 (1980).

In the present case, Kaufmann purposefully met with Akhavan in the State of Utah on at least three separate occasions to negotiate purchasing the Utah business. As such, it was reasonable for Kaufmann to anticipate being haled into a Utah court. Further, Kaufmann's inconvenience in litigating in Utah is minimal compared to the State's interest in this litigation because negotiations took place in Utah, the agreement was reached in Utah, the agreement involved the sale of a Utah business, and all other parties and witnesses are Utah residents. Therefore, the trial court's decision that it had personal jurisdiction over Kaufmann did not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### Other Issues

Kaufmann argues that the trial court improperly entered "default judgment" on July 7, 1992. The judgment against Kaufmann is not, however, a true "default judgment" since the trial court took evidence and entered judgment based upon the evidence presented at trial. In any event, whether the trial court properly entered judgment against Kaufmann is not a separate issue since it is dependent upon whether the trial court abused it discretion in denying his motion for continuance. Moreover, the trial court, under the facts of this case, acted within its purview in ordering Kaufmann to appear at trial or judgment would be taken against him. Kaufmann's argument is therefore without merit.

Further, Kaufmann argues that the trial court erred in awarding consequential damages, thereby providing Akhavan with a double recovery. At oral argument on appeal, however, the parties indicated that they had stipulated that the trial court erred in awarding Akhavan consequential damages. The parties, therefore, agreed that the trial court's judgment should be reduced by the amount of $168,000. We appreciate the parties' willingness to negotiate resolution of issues even while an appeal is pending.

### CONCLUSION

The trial court did not abuse its discretion in denying Kaufmann's second motion for continuance. The trial court properly exercised personal jurisdiction over Kaufmann and properly entered judgment against him.

The judgment of the trial court is therefore affirmed, except for the $168,000 reduction as agreed by the parties.

BILLINGS and ORME, JJ., concur.