IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| P.H., | ) | PER CURIAM DECISION[1] |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110614-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 27, 2012) |
| Sandy City, | ) | |
| | ) | 2012 UT App 210 |
| Respondent and Appellee. | ) | |

-----

Third District, West Jordan Department, 091402783
The Honorable Andrew H. Stone

Attorneys:     P.H., Salt Lake City, Appellant Pro Se

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     P.H. appeals the denial of a petition to expunge records of his arrest, investigation, and detention.  *See* Utah Code Ann. § 77-40-104 (Supp. 2011).  The district court denied the petition after finding that it would be contrary to the public interest to grant expungement.  We affirm.

¶2     "Probation and expungement of one's record are neither matters of right nor of grace, but can only be granted when they appear to be compatible with the public interest."  *State v. Chambers*, 533 P.2d 876, 878 (Utah 1975) (construing former Utah Code section 77-35-17 (repealed July 1, 1980)).  Decisions regarding expungement will be set aside only if the court's exercise of its broad discretion "is shown to have been abused, arbitrary, or capricious."  *Id.* at 879.

---

1. This order has been modified in accordance with the Utah Supreme Court Standing Order No. 12.

¶3     P.H.'s brief fails to comply with the provisions of rule 24 of the Utah Rules of Appellate Procedure. First, it does not contain sufficient, accurate, and specific citations to the record and transcript, as required by rule 24(e). *See* Utah R. App. P. 24(e). In addition, a section captioned "Statement of Fact and Arguments" mixes statements that are clearly argument with purported factual statements that are not supported by adequate citations. Rule 24 states, "The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." *Id*. R. 24(a)(9). We may decline to reach the merits of an issue "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). When we decline to reach the merits of a case due to inadequate briefing, we assume the correctness of the judgment. *See English v. Standard Optical Co.*, 814 P.2d 613, 619 (Utah Ct. App. 1991). Because P.H. did not provide sufficient analysis or citation to legal authority, we decline to address his substantive arguments. *See State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138. Accordingly, we address only his procedural claims.

¶4     It is undisputed that P.H. was entitled to obtain a certificate of eligibility for expungement of records from the Bureau of Criminal Identification. *See* Utah Code Ann. § 77-40-104 (Supp. 2011). A petition for expungement and the certificate of eligibility must be filed in the trial court that handled the criminal proceedings and be served on the prosecuting agency. *See id*. § 77-40-107(1). If the court receives any objection, it shall schedule a hearing. *See id*. § 77-40-107(6). Here, the district court scheduled the required hearing on the petition for expungement after receiving the victim's written objection. The prosecutor was entitled to testify at the hearing. *See id*. § 77-40-107(6)(b) (stating that the petitioner, prosecuting attorney, victim, and any other person who has relevant information may testify at the hearing). After any hearing,

> [t]he court shall issue an order of expungement if it finds by clear and convincing evidence that:
> (a) the petition and certificate of eligibility are sufficient;
> (b) the statutory requirements have been met; and
> (c) it is not contrary to the interests of the public to grant the expungement.

*Id.* § 77-40-107(8).  Finally, "[t]he court shall review the petition, the certificate of eligibility, and any written responses submitted regarding the petition."  *Id.* § 77-40-107(6)(c).  The district court did not err in holding a hearing or in considering the written statement of the victim or the arguments of the prosecutor.

¶5     While acknowledging that an expungement petition initiates a statutory civil proceeding, P.H. nevertheless argues that he was entitled to expungement as a matter of law and that Sandy City bore the burden of proof and was required to subpoena the victim to appear and submit to cross-examination.  He also argues that the district court improperly required him to demonstrate that expungement would not be contrary to the public interest.  These claims are without merit.  The Utah Expungement Act became effective in May 2010 and applies retroactively.  *See id.* § 77-40-113.  The district court correctly determined that P.H. bore the burden of proving all statutory prerequisites for expungement, including proving by clear and convincing evidence that expungement "is not contrary to the interests of the public to grant the expungement."  *See id.* § 77-40-107(6)(c).

¶6     The district court's decision to deny expungement was not an abuse of its broad discretion and was neither arbitrary nor capricious.  Accordingly, we affirm.


_____
Carolyn B. McHugh,
Presiding Judge



_____
James Z. Davis, Judge



_____
Michele M. Christiansen, Judge