2019 UT App 44

## THE UTAH COURT OF APPEALS

WINDSOR MOBILE ESTATES, LLC; HENRY BERRY; AND AFFORDABLE
CONCEPTS, LLC,
Appellees,
*v.*
DONNIE SWEAZEY,
Appellant.

Opinion
No. 20170983-CA
Filed March 28, 2019

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 140400967

Brian W. Steffensen, Attorney for Appellant

L. Miles Lebaron and Tyler J. Jensen, Attorneys for
Appellee Windsor Mobile Estates, LLC

Mark A. Woodbury, Attorney for Appellees Henry
Berry and Affordable Concepts, LLC

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

ORME, Judge:

¶1     Donnie Sweazey appeals the dismissal of his claims for
failure to prosecute. We affirm.

¶2     On January 27, 2014, Windsor Mobile Estates, LLC, filed a
complaint for unlawful detainer against Scott Wilson for failure
to pay rent on a lot in its mobile home park. At the time, Wilson
did not reside in the mobile home on the lot in question. Rather,
Michelle Southard and Michael Oyler owned and resided in the
mobile home. Wilson never filed an answer to Windsor's

complaint, and the district court entered an order of restitution on February 7, 2014, ordering any occupants off the premises.

¶3     On February 21, 2014, Appellant Donnie Sweazey sought to intervene as a defendant, claiming to be the rightful owner of the mobile home, and he was granted leave to do so. The court then ordered a stay of execution until ownership of the mobile home could be determined and directed that the mobile home remain on the lot until further notice.

¶4     On April 30, 2014, Sweazey filed what he titled a third-party complaint, alleging that he had purchased the home from Southard and Oyler for $9,000 on February 10, 2014, by putting down all of $20 as a deposit, with $8,980 of the purchase price still owing. In his third-party complaint, Sweazey named as third-party defendants Appellee Henry Berry and his company, Affordable Concepts, LLC (collectively, Berry). He also asserted claims against Windsor, Oyler, and Southard. Answering the third-party complaint, Berry claimed he purchased the home from Oyler after Oyler represented to him that he had *discussed* selling the home to Sweazey but that no deal had been finalized.

¶5     Early on in the case, in April 2014, the district court stated that an evidentiary hearing was required to determine ownership of the mobile home. However, none of the parties requested an evidentiary hearing on the matter. Sweazey claims to have asked for a hearing and points to various filings, but there is no record of him filing a request to submit any relevant motion for decision, as required by rule 7(g) of the Utah Rules of Civil Procedure. Without such a request the court will ordinarily not take action on its own initiative. Seven months later, in December 2014, the court reiterated the need for an evidentiary hearing, but again no party properly moved the court to hold one—or so the court concluded, noting also that "[w]hatever claim is made that something was filed is eviscerated by the fact

that even if a motion was filed, no Request to Submit was ever filed concerning that motion."

¶6      In his third-party complaint, Sweazey sought damages for an alleged breach of contract by Southard and Oyler, interference with contractual relations and defamation by Berry, and conspiracy and conversion by Berry and Windsor. Sweazey's attempt to bring claims against Berry and Windsor by using a third-party complaint was not proper, even though Sweazey saw the need to bring additional parties into the action. This mistake—the misuse of a third-party action—is a common one, and we take this opportunity to remind practitioners of the quite limited proper usage of third-party complaints.

¶7      Under rule 14(a) of the Utah Rules of Civil Procedure, a third-party complaint is used by a defendant to "bring in [a] third party" "who is or may be liable to him for all or part of the plaintiff's claim against him." Utah R. Civ. P. 14(a). Thus, "[a] third-party claim may be asserted under Rule 14(a)[ ] only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1446, at 413–15 (3d ed. 2018). "The secondary or derivative liability notion is central," and thus a third-party complaint is the proper means for asserting claims against parties not named in the original complaint on such rationales as "indemnity, subrogation, [or] contribution." *Id.* at 415–21. "The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." *Id.* at 431–32.

¶8      Sweazey was attempting no such thing. He was asserting ownership of the mobile home. As against Oyler, Southard, and Berry, he did not claim that any liability imposed on him by Windsor should be passed on to them. Instead, he asserted

independent claims against them—claims that were not dependent on any liability he might have to Windsor. And of course Windsor asserted no such claims against Sweazey, having not even named him in its complaint.

¶9     If a defendant wishes to bring a claim against the original plaintiff, as Sweazey did here, then the defendant must file a counterclaim under rule 13, not a third-party complaint. *See* Utah R. Civ. P. 13. *See also* 6 Wright & Miller, *Federal Practice & Procedure* § 1446, at 443 ("[T]he technically proper method for asserting a claim against someone who already is a party is to use the counterclaim or crossclaim provisions of Rule 13."). Because Sweazey intervened as a defendant and did not attempt to bring in a third-party who would be liable to him if and only if he was liable to Windsor, he should have filed a counterclaim under rule 13 instead of filing a third-party complaint. *See* Utah R. Civ. P. 13. Southard, Oyler, and Berry could then have been named as additional parties to the counterclaim. *See* Utah R. Civ. P. 13(f). *See also* 6 Wright & Miller, *Federal Practice & Procedure* § 1446, at 443 (explaining that "when defendant's claim is against the original plaintiff and a nonparty," the proper procedure is to file the counterclaim and "move under Rule 13([f]) to bring in the third person as an additional party to the" counterclaim).

¶10    Be all of that as it may, in August 2014, and again in June 2015, instead of seeking an evidentiary hearing, Sweazey filed motions for partial summary judgment. The court denied the first motion and never reached the second, as Sweazey again failed to file a request to submit. Many other motions were filed by all parties to the lawsuit between February 2014 and October 2016. A recitation of the long and convoluted history of this case, including the many filings the parties submitted during this time, is unnecessary. Suffice it to say that while counsel for both Windsor and Sweazey were able to file numerous motions, including those attempting to disqualify each other's counsel, no

party ever managed to properly move the court under the rule for an evidentiary hearing *and* follow the motion up with a request that it be submitted for decision. Ultimately, according to the district court, the case did not move along efficiently as the parties were contentious, uncivil, and failed to follow the rules of civil procedure. The district court later noted that no party "ha[d] behaved properly nor diligently nor professionally" and that "[t]his matter could have and should have been easily resolved years ago, whether by mediation or proper legal procedures."

¶11　Between October 2016 and May 2017, nothing significant was accomplished by any party. In June 2017, both Windsor and Berry moved the court, pursuant to rule 41 of the Utah Rules of Civil Procedure, to dismiss Sweazey's third-party complaint for failure to prosecute. Having determined that the five factors established by case law for analyzing rule 41 motions had been satisfied, the court granted the motion. *See PDC Consulting, Inc. v. Porter*, 2008 UT App 372, ¶ 6, 196 P.3d 626 (discussing the factors appellate courts consider when analyzing whether a dismissal of a case for failure to prosecute was appropriate: "(1) the conduct of both parties; (2) the opportunity each party has had to move the case forward; (3) what each party has done to move the case forward; (4) the amount of difficulty or prejudice that may have been caused to the other side; and (5) most important, whether injustice may result from the dismissal") (quotation simplified). Sweazey then moved to alter or amend the district court's order under rule 59 of the Utah Rules of Civil Procedure, which motion the court denied.

¶12　Despite dismissing Sweazey's so-called third-party complaint, the court granted Sweazey possession of the mobile home and permitted him to remove it from Windsor's lot. The court allowed this because Berry had "filed no claims and [was] entitled to no relief" and because Windsor and Berry "indicated Sweazey could have the mobile home and take it away."

¶13     Sweazey raises four issues on appeal. First, despite having ultimately obtained possession of the mobile home, he contends that the district court's initial order "freezing" the mobile home until the court could determine its ownership is void because the court lacked jurisdiction.[1] Second, Sweazey argues that the court erred in denying his summary judgment motion because there was no genuine dispute as to any material fact. Third, Sweazey challenges the district court's grant of Appellees' rule 41 motions to dismiss for failure to prosecute. Finally, Sweazey contends that the district court erred in denying his rule 59 motion to alter or amend.

¶14     We decline to address these arguments on the merits, and thus forgo our usual recitation of the applicable standards of review, as Sweazey has failed to adequately brief the issues and thus "has not met [his] burden of persuasion on appeal." *See Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 37 n.5, 297 P.3d 38. The Utah Rules of Appellate Procedure are "easy to understand" and clearly specify how parties are to prepare their briefs. *State v. Green*, 2004 UT 76, ¶ 11, 99 P.3d 820. Parties who fail to follow these rules run the risk of appellate courts "declin[ing] to reach the merits of an issue" because their briefing "is so lacking as to shift the burden of research and argument to the reviewing court." *P.H. v. Sandy City*, 2012 UT App 210, ¶ 3, 283 P.3d 1079 (per curiam) (quotation simplified). *Accord State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998).

¶15     Sweazey failed to comply with the provisions of rule 24 of the Utah Rules of Appellate Procedure. Specifically, Sweazey's briefing fails to present his legal arguments "with reasoned analysis supported by citations to legal authority." Utah R. App. P. 24(a)(8). Instead, Sweazey has presented conclusory

---

1. It is unclear whether he is referring to subject matter, in rem, or personal jurisdiction.

statements and demanded relief without providing a single legal citation in support of his arguments as to why we should reverse the district court's rulings. In fact, in the entirety of Sweazey's briefing, he cites only seven cases, five of which appear on a single page and deal only with the applicable standards of review.[2] Sweazey's remaining two citations are in his reply brief—lifted wholesale from Berry's brief—and provide no support for Sweazey's arguments. As our Supreme Court has noted, appellate courts are "not a depository in which the

---

2. Even in this Sweazey states the incorrect standard of review for a district court's ruling on a rule 41 motion for failure to prosecute. Sweazey cites *Glew v. Ohio Savings Bank*, 2007 UT 56, 181 P.3d 791, for the proposition that appellate review of rule 41 motions involves "mixed question[s] of law and fact," *id.* ¶ 19, where appellate courts review questions of law for correctness and set aside a district court's factual findings only if they are clearly erroneous, *id.* ¶ 22. However, *Glew* does not address failure to prosecute. Rather, it discusses a district court's application of the equitable doctrines of estoppel and apparent authority. *See id.* ¶¶ 18–19. Our case law is clear that the proper standard of review for a district court's ruling on a claimed failure to prosecute is for "an abuse of discretion and a likelihood that an injustice occurred." *PDC Consulting, Inc. v. Porter*, 2008 UT App 372, ¶ 5, 196 P.3d 626 (quotation simplified). *See also Department of Social Services v. Romero*, 609 P.2d 1323, 1324 (Utah 1980) ("The general rule is that whether an action should be dismissed for failure to diligently prosecute it rests largely within the discretion of the trial court; and [appellate courts] will not interfere therewith unless it clearly appears that [it] has abused [its] discretion and that there is a likelihood that an injustice has been wrought."*); Hartford Leasing Corp. v. State*, 888 P.2d 694, 697 (Utah Ct. App. 1994) (same); *Charlie Brown Constr. Co. v. Leisure Sports, Inc.*, 740 P.2d 1368, 1370 (Utah Ct. App. 1987) (same).

appealing party may dump the burden of argument and research," which is exactly what Sweazey has done here. *Green*, 2004 UT 76, ¶ 13 (quotation simplified).

¶16    "It is well established that a reviewing court will not address arguments that are not adequately briefed." *Thomas*, 961 P.2d at 304. Thus, we decline to address Sweazey's arguments on the merits as he has wholly failed to carry his burden of persuasion on appeal. *See Butler*, 2013 UT App 30, ¶ 37 n.5.

¶17    Affirmed.

———————