461 P.2d 464

**BRASHER MOTOR AND FINANCE COMPANY, Plaintiff and Respondent,**

v.

**Richard A. BROWN and Jacqueline A. Brown, partners dba B & C Company, and B & C Company, a partnership, Defendants and Appellants.**

**No. 11601.**

Supreme Court of Utah.

Nov. 21, 1969.

Ronald C. Barker, Salt Lake City, for defendants-appellants.

Zar E. Hayes, ·Glen E. Davies, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a dismissal of Browns' counterclaim. Affirmed. No costs awarded.

Plaintiff filed a one-age mini-complaint sounding in replevin, seeking recovery of several autos. The sheriff made a return on the writ, swearing that the property could not be found. About a month later, the Browns filed a nine cause of action counterclaim about as long as a hippie's hairdo. Brasher quickly responded with a motion to dismiss, inferring a little frivolity on the part of the Browns. Thereafter, everyone treated the litigation with a silent reverence accorded that which is interred, —until, lo and behold, 5½ years later the Browns, like Abou Ben Adhem, awoke from a deep dream of peace, and attempted to exhume and reactivate what for all intents and purposes appeared to have been a litigious corpse.

The matter was brought to the attention of the trial judge, who, on his own motion, dismissed the whole works,—Brasher's complaint and Browns' counterclaim. Only the Browns were Brasher appealed. In their brief they stated that "The sole issue * * * is whether the court erred in dismissing the counterclaim *under the circumstances.*"

Browns urge that the trial court had no authority to dismiss the counterclaim because of Rule 41, Utah Rules of Civil Procedure, having to do with involuntary dismissal. Brasher joined issue, asserting that 1) the rule had no application in this case, with which we agree, and that 2) anyway, the court had inherent authority to dismiss under the facts of this case, with which contention we also agree.

The plaintiff did not move to dismiss the complaint, but the trial court, in its discretion, *did* dismiss it sua sponte, as it did the counterclaim. Had the situation been otherwise Rule 41 may have had a degree of pertinency, but not necessarily binding without equivocation.

In our opinion, the trial court in urging a plague on both of the litigants' houses by its sua sponte action, made a gesture that, if employed by more judges, could aid in the elimination of backlogs, and help to restore that loss of public confidence in the judiciary engendered thereby.

We espouse the statement made in Reed v. First Nat. Bk., 194 Or. 45, 241 P.2d 109 (1952), where it was said:

In dismissing an action for want of prosecution, the court may proceed under the statute, or it may, *of its own motion,* take action to that end. In acting on its own motion, the court must proceed with judicial discretion. Its ruling will not be disturbed on appeal unless it.

is manifest from the record that the court's discretion has been abused.[1]

We believe and hold that in the instant case the trial court did not abuse its discretion, but on the contrary acted with judicial propriety looking to the interests of all litigants and in promoting their causes with reasonable dispatch,—certainly in preventing indiscriminate jostling and clogging of court calendars. (Emphasis supplied.)

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

1. See also: Beckman v. Beckman, 88 Idaho 522, 401 P.2d 810 (1965); Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948); Horn v. California-Ore. Power Co., 221 Or. 328, 351 P.2d 80 (1960); Baker v. Sojka, 74 N.M. 587, 396 P.2d 195 (1964); 5 Moore's Fed.Prac., Sec. 41.11(2), 1114; Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962).