508 P.2d 528

THOMPSON DITCH COMPANY,
Plaintiff and Appellant,

v.

Lloyd JACKSON et al., Defendants
and Respondents.

No. 13045.

Supreme Court of Utah.

March 29, 1973.

————◆————

Golden W. Robbins, Salt Lake City, for plaintiff and appellant.

Brant H. Wall, J. Richard Bell, Bernard L. Rose, Carl J. Nemelka, Salt Lake County Atty., H. D. Lowry, James A. McIntosh, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

Plaintiff filed these proceedings in the court below seeking injunctive relief against the defendants for an alleged interference with the plaintiff's ditch and the flow of water therein. The plaintiff also claimed it was entitled to general and punitive damages. Plaintiff has appealed from an order entered by the court below dismissing the complaint.

The plaintiff filed its complaint on November 24, 1964. Motions to dismiss were filed by some of the defendants but no hearing was had thereon. Discovery proceedings were had during 1965 and were substantially completed during that year. On August 27, 1965, plaintiff filed an amended and supplemental complaint which was answered by some of the defendants. No further steps were taken by the plaintiff to advance the cause until February 2, 1970, when it filed a motion seeking permission to file a second amended and supplemental complaint. That motion was never noticed for hearing. On May 15, 1972, plaintiff moved that the case be set on the pretrial calendar. On June 9, 1972, counsel representing Salt Lake County filed a motion on behalf of the county, and former officers and employees of the County who were named in the original complaint as defendants, to dismiss the complaint on the ground that the plaintiff had failed to prosecute its action with reasonable diligence. Other defendants joined in the motion or filed separate motions to dismiss. After a hearing the court granted the motions.

The ruling of the court below will not be disturbed on appeal unless the record plainly shows that the court below abused its discretion. The action of the court was taken in accordance with the provisions of Rule 41(b), the pertinent part of which is as follows:

. . . For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . .

The record reveals that after commencement of the action, counsel for the plaintiff communicated with various officials

of Salt Lake County and its employees seeking a settlement of the controversy. While conversations were had with various officials and employees, no offer to compromise or to settle the case was made, and these defendants plainly indicated to the plaintiff that no settlement would be considered. Other defendants made certain proposals looking toward the settlement of certain of the right-of-way problems in connection with the suit, but it does not appear that these proposals were considered or accepted by the plaintiff. The record supports the proposition that the plaintiff was not misled by any of the defendants in assuming that a settlement was in the offing.

A survey of the record fails to reveal that the court below abused its discretion in dismissing plaintiff's complaint for failing to prosecute its action with reasonable diligence.[1] The decision of the court below is affirmed. No costs awarded.

During the argument counsel urged this court to consider and to decide an issue which was not considered by the court below and which it appears is the subject of another action, and this we decline to do.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Crystal Lime & Cement Co. v. Robbins, 8 Utah 2d 389, 335 P.2d 624; Brasher

Motor & Finance Co. v. Brown, 23 Utah 2d 247, 461 P.2d 464.