**DEPARTMENT OF SOCIAL SERVICES,**
Plaintiff and Respondent,

v.

Lester ROMERO aka Ralph G. Romero,
Defendant and Appellant.

No. 16551.

Supreme Court of Utah.

March 20, 1980.

John Walsh, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Lester Romero appeals from a judgment of the district court that he pay back $11,981.21 in welfare payments which the court found he had obtained from the Department of Social Services by false and fraudulent misrepresentations.

In attacking the judgment, the defendant contends that the trial court erred in not dismissing the complaint on the following grounds:

(1) Failure of the plaintiff to timely answer defendant's discovery requests,

(2) Failure of the plaintiff to diligently prosecute the case, and

(3) Laches.

The defendant had been receiving monthly welfare payments which totaled the amount above stated. But in December 1973, they were terminated because the Department found that he had falsified statements in his application as to his income, employment, real property owned and transferred, and his wife's employment. Shortly thereafter, in January 1974, the Department instituted this action. On April 8, 1974, the defendant's counsel served on plaintiff a set of interrogatories, a demand for the production of documents, and a request for admissions.

It does not appear that there was any further action in the case until July 20, 1978, when it was reactivated by the plaintiff notifying the defendant and filing responses. Thereafter, on September 19, 1978, the plaintiff requested and was given a trial date of June 13, 1979. On September 27, 1978, the defendant's attorney withdrew and no other attorney was retained by him until after the trial. At the pre-trial conference held May 22, 1979, the court ruled that the defendant had had ample time to proceed with or without an attorney and that no extension of time would be granted.

On the day of the trial, the defendant moved to dismiss the complaint on the grounds of failure to diligently prosecute the case, and laches. The motions were denied and the case proceeded to trial. The issues were found against the defendant and the judgment he appeals from was entered thereon.[1]

 In regard to defendant's first point: plaintiff's·failure to timely answer defendant's discovery requests: it is significant to observe that this matter is raised for the first time on appeal. We have consistently held that matters not raised in the trial court will not be considered by this Court on appeal.[2] Furthermore, what is said below about the matter of delay and whether an injustice has resulted is also applicable to this point.

 Defendant's Points 2 and 3, relating to undue delay and laches are closely related, and insofar as applicable here, are based upon the same principles. In addressing them, the court must consider more than merely the lapse of time. Whether delay is a ground for the dismissal of an action is to be determined on the totality of the circumstances. This includes the conduct of both parties and the opportunity each has had to move the case forward if they so desired; and also what, if any, difficulty or prejudice may have been caused to the other party by the delay; and most important, whether it appears that any injustice has resulted.[3]

The explanation offered by the state for failure to expedite this action is that the attorney originally handling the case left the state's employment and that apparently nothing was done to trigger attention to it until the summer of 1978, when it was reactivated as above set forth. The important fact is that the defendant himself did nothing to move the case forward, but appears to have been quite contented to let it lie dormant until it was reactivated by the plaintiff.

 The general rule is that whether an action should be dismissed for failure to diligently prosecute it rests largely within the discretion of the trial court; and this Court will not interfere therewith unless it clearly appears that he has abused his discretion and that there is a likelihood that an injustice has been wrought.[4]

 In support of the trial court's refusal to grant his motion to dismiss it is noteworthy that it does not appear that during the delay of which the defendant complains he made any motion or any effort to move the case forward, or to discover why that was not being done. Coordinate with the foregoing are the facts that in September 1978, nine months in advance of the June trial setting, the defendant was informed that the case was being set for trial. He had five weeks advance notice of the pre-trial hearing; and he was informed three weeks before trial that no continuance would be granted. Most important, there is no realistic basis upon which to conclude that the defendant changed his position or was adversely affected by the delay.

1. It is unnecessary to go into further detail than that the trial court so found and that the evidence supports the findings.

2. See e. g., *Park City Utah Corp. v. Ensign Co.*, Utah, 586 P.2d 446 (1978); *Wagner v. Olsen*, 25 Utah 2d 366, 482 P.2d 702 (1971).

3. See *Westinghouse El. Supp. Co. v. Paul W. Larson Co., Inc.*, Utah, 544 P.2d 876 (1975), citing *Wright v. Howe*, 46 Utah 588, 150 P. 956 (1915).

4. See *Thompson Ditch Co. v. Jackson*, 29 Utah 2d 259, 508 P.2d 528 (1973); *Brasher Motor and Finance Co. v. Brown*, 23 Utah 2d 247, 461 P.2d 464 (1969); *Papanikolas Bros. Ent. v. Sugarhouse Shopping Center Associates*, Utah, 535 P.2d 1256 (1975).

 

In accord with the view of the trial court, we are not impressed with either fairness or propriety in one party sitting silently by for a long period of time, then attempting to blame the other party for the delay as a means of escaping the effects of a judgment based upon findings that he engaged in misrepresentations and cheating in obtaining public welfare payments.

Consistent with what has been said herein, we are not convinced that the trial court abused its discretion, or committed any error, which resulted in injustice to the defendant.

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, HALL, WILKINS and STEWART, JJ., concur.