Morley WILSON and Mary Ellen Wilson, Plaintiffs and Appellants,

v.

Hubert C. LAMBERT, Utah State Engineer, Defendant and Respondent.

No. 16612.

Supreme Court of Utah.

June 11, 1980.

James A. McIntosh of McMurray & Anderson, Salt Lake City, for plaintiffs and appellants.

Robert B. Hansen, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiffs appeal from the dismissal by the trial court of their petition to review a decision of the Utah State Engineer regarding certain applications for water appropriation, the dismissal being based on failure to prosecute.

On March 11, 1968, one Jeff Baldwin, the original plaintiff in the action before us, filed a complaint with the trial court challenging the denial, by the Utah State Engineer, of applications for water appropriation for the benefit of certain lands owned by Mr. Baldwin. An answer was filed on April 22, 1968. Thereafter, nothing transpired until April 26, 1973, at which time an order issued setting trial in the matter for September 17, 1973. During the interim, Mr. Baldwin's attorney had, unknown to Mr. Baldwin, been able to practice law only briefly, having been suspended from the Utah Bar Association in 1971.

Trial was not held on the above-specified date, Baldwin having postponed it himself due to illness. No new date was set, and, two years later, on November 8, 1975, Baldwin passed away. Morley and Mary Ellen Wilson, the present plaintiffs in this action, purchased from Baldwin's estate certain real property together with all rights in the contested denial of the water applications here in dispute.

Thereafter, the matter was set for trial on May 4, 1977. However, plaintiffs moved to vacate the trial date inasmuch as the sale of the property interests which they had contracted to purchase required approval from the probate court. This approval was obtained on May 16, 1977, immediately following which plaintiffs moved the court to issue an order substituting them as parties plaintiff in the instant action. Defendant Lambert, the Utah State Engineer, stipulated to this substitution, and the motion was granted.

On January 10, 1978, seven months later, and more than nine years after the original petition to review had been filed, the trial court *sua sponte*, issued an Order to the parties to appear and show cause why the action should not be dismissed because of failure to prosecute. Upon hearing argument on the matter, the Order to Show Cause was stricken and the matter referred to the trial calendar.

Nine months later, on October 3, 1978, defendant was served with plaintiffs' First Interrogatories. Two weeks thereafter, on October 16, 1978, defendant filed a motion to dismiss for failure diligently to prosecute. From the grant of this motion, plaintiffs appeal.

■ The Order and minute entry reflecting the trial court's ruling in the instant matter state simply that defendant's motion was granted in light of plaintiff's failure to pursue prosecution of their complaint with sufficient diligence. The right and power to dismiss any civil action on this basis is granted by law:

For failure of the plaintiff to prosecute . . . , a defendant may move for dismissal of an action or of any claim against him.[1]

Pursuant to this rule, it is held, in both state and federal practice,[2] that the disposition of a motion to dismiss for failure to prosecute rests with the sound discretion of the trial court, and that a ruling will not be upset absent a showing of abuse of that discretion.[3]

■ At no point in their argument do plaintiffs directly suggest an abuse of the discretion granted under the above provision. Their argument is addressed exclusively to the constitutional propriety and applicability of a specific provision of Utah water appropriation law which states:

An action to review a decision of the state engineer may be dismissed upon the application of any of the parties upon the grounds provided in Rule 41 of the Utah Rules of Civil Procedure for the dismissal of actions generally and for failure to prosecute such action with diligence. For the purpose of this section, failure to prosecute a suit to final judgment within two years after it is filed, or, if an appeal is taken to the Supreme Court within three years after the filing of the suit, shall constitute lack of diligence.[4]

Implicit in their argument is the apparent assumption that the propriety of the trial court's dismissal of the present action must rest, if anywhere, on the application of this statutory provision to the present case. The statute, however, should not be read as the only means of application of the procedural rule in question to water appropriation cases—such would defeat the clear language of the rule, it having direct application to *any claim* against the moving party.[5] On the contrary, it appears that, while the

---

1. Rule 41(b), Utah Rules of Civil Procedure.

2. The above-cited rule is substantially identical to Rule 41(b), Federal Rules of Civil Procedure, and this court has recognized the applicability of federal interpretations thereof to state rulings. See *Winegar v. Slim Olson, Inc.*, 122 Utah 487, 252 P.2d 205 (1953).

3. *Grunewald v. Missouri Pacific Railroad Co.*, 331 F.2d 983 (8th Cir., 1964); *United States v. Myers*, 38 F.R.D. 194 (D.C.Cal., 1964); *Janousek v. French*, 287 F.2d 616 (8th Cir., 1961).

4. U.C.A., 1953, 73–3–15.

5. That a legislative provision should be so read as to give application to all parts thereof, see *Durfey v. Board of Education of Wayne County*, Utah, 604 P.2d 480 (1979); *Grant v. Utah State Land Board*, 26 Utah 2d 100, 485 P.2d 1035 (1971); *Taft v. Glade*, 114 Utah 435, 201 P.2d 285 (1948).

statute invokes the rule, and sets a two-year time limit for its application, after which dismissal is mandated under the statute,[6] independent application of the rule to water appropriation actions remains an unimpaired alternative. Thus, even assuming that it be a fact that the statutory provision cited is inapplicable to the case at hand, or that it is constitutionally improper, nothing would prevent the independent application of the procedural provision in question to defeat plaintiffs' action.

■ There can be little argument regarding the propriety of the dismissal here appealed from. Plaintiffs' predecessor in interest personally delayed the consideration of the denied applications by the lower court from 1968 until the time of his death in 1975. Thereafter, plaintiffs, even following the approval of their purchase from Baldwin's estate by the probate court, delayed sixteen months before even inaugurating discovery in the matter. No explanation justifying such delay is offered in the arguments or in the record. The trial court's issuance of a Show Cause Order put them on ample notice that their claim was in jeopardy, yet they delayed going forward for the better part of a year.

■ Plaintiffs argue, albeit in another context not here under consideration, that defendant waived the right to move for dismissal on the stated grounds by not doing so at an earlier date. Rule 41(b) sets no deadline for the moving party to act; indeed, the court retains inherent power to dismiss an action for failure to prosecute pursuant to its own motion.[7] It can hardly be asserted that a defendant must, on pain of implied waiver, move within a certain time limit, when the court may issue a dismissal order without any action whatsoever on the part of the parties.

■ Plaintiffs also assert that defendant should have been adjudged estopped to move for dismissal, in that plaintiffs bought the property rights, including the water claims, with the understanding that the present defense would not be raised. This understanding, claim plaintiffs, was induced by defendant's inaction prior to Baldwin's death, and by his stipulation to the substitution of plaintiff's as parties. These arguments do not render the trial court's dismissal abusive of its discretion. Plaintiffs purchased, *inter alia*, rights under water appropriation applications which had already been denied. No representation was made that the appeal of such denial would be successful. Defendant gave no guarantee, by stipulation of party substitution or otherwise, that plaintiffs could pursue their action at leisure, with no legal consequences attending unreasonable delay. To suggest otherwise would create in litigants the affirmative duty to protect the interests of the opposing party to the action from the other party's own inadvertence.

■ It is likewise immaterial that plaintiffs' predecessor was unwittingly without counsel for a time before his death. Mr. Baldwin was not relieved of his duty to pursue his action by any failure of his attorney to act—the matter should have been investigated within a reasonable time. Moreover, the suspension of Mr. Baldwin's attorney in no way accounts for the delay caused by the inaction of the present plaintiffs in the action.

We hence hold that dismissal under Rule 41(b) was within the discretionary authority of the trial court. There being adequate and non-constitutional grounds for upholding the present ruling, we decline to consider plaintiffs' assertions regarding the statutory provision cited above.[8]

The decision of the trial court is affirmed. Costs to defendant.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

6. See *Provo City v. Hansen*, Utah, 601 P.2d 141 (1979).

7. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 734 (1962); *Taub v. Hale*, 355 F.2d 201 (2nd Cir., 1966).

8. A disposition of an action on appeal which does not call into question the constitutionality of a legislative enactment is to be preferred where possible—see *Hoyle v. Monson*, Utah, 606 P.2d 240 (1980); see also, *Heathman v. Giles*, 13 Utah 2d 368, 374 P.2d 839 (1962).