K.L.C. INCORPORATED, Plaintiff and Respondent,

v.

Ron McLEAN, Defendant and Appellant.

No. 18103.

Supreme Court of Utah.

Nov. 19, 1982.

Robert R. Mallinckrodt, Salt Lake City, for defendant and appellant.

Earl S. Spafford, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This appeal was provoked by the granting of plaintiff's motion to dismiss for failure to prosecute under Rule 41(b), Utah Rules of Civil Procedure.

Defendant was previously the secretary-treasurer of the plaintiff-corporation. On August 3, 1967, he wrote what proved to be a worthless check for $8,000, in payment of corporate funds he allegedly had misappropriated. On September 17, 1967, the Board of Directors voted defendant out of office and a complaint was thereafter filed against him to recover the amount of the check.

Defendant retained a law firm in Pocatello, Idaho to represent him which, through a Salt Lake City attorney, filed a motion to dismiss. When this motion was denied, a counterclaim was filed on defendant's behalf whereby he claimed, inter alia, part ownership of the company and its assets. Plaintiff replied that its books were open to inspection and thereafter demanded a non-jury trial.

The case was set for trial on December 12, 1968. During the interim, defendant served on plaintiff a lengthy set of interrogatories and moved for summary judgment. In October, 1968, defendant's local counsel withdrew and so advised the Pocatello firm. New counsel (King) appeared in November, 1968 and trial was moved first to February, then to March, 1969.

Trial was not held on the date set and for six years the case remained dormant. Suddenly, on November 26, 1975, a nonjury trial was set for March 19, 1976. This date was delayed for further discovery. Later, both sides stipulated that defendant might inspect, audit, and prepare an accounting of the books and thereafter the court "may dismiss" or otherwise dispose of the matter.

Again, the record reflects that nothing happened until March, 1980, when King withdrew as counsel and Hintze entered an appearance on behalf of defendant. In De-

cember, 1980, Hintze requested a nonjury trial (later changed to a request for a jury trial) and trial was set for October 22, 1981.

Plaintiff moved to dismiss the complaint under Rule 41(b), Utah R.Civ.P., based on the assertion that nothing significant had been done for years to move the case along. A hearing was had on plaintiff's motion, and the court dismissed both the complaint and counterclaim. Hintze filed a notice of appeal and then withdrew as counsel. Defendant has retained yet another attorney to pursue this appeal.

At the hearing that resulted in the dismissal, it was developed that one Morley, the plaintiff's accountant who had custody of the books and records that had been delivered to defendant, died sometime between delivery and the hearing on the motion to dismiss. It was also shown that the plaintiff long since had gone out of business and its officers had lost any hope of collecting on the defendant's worthless check. Under such circumstances, a trial could serve no useful purpose. The protraction of the case for fourteen years, and the hopelessness of any recovery by either side justified the trial court's dismissal on plaintiff's motion, as might also have occurred sua sponte and on the court's own motion.

This Court has treated the matter of dismissal for lack of prosecution on a number of occasions. In one of the most recent of such cases, Wilson v. Lambert, Utah, 613 P.2d 765 (1980), on its own motion the trial court issued an order to show cause why the action should not be dismissed for failure to prosecute. After hearing, the court permitted the matter to go on for 10 more months. The court thereupon granted a motion by the defendant to dismiss for lack of prosecution. We unanimously affirmed such dismissal, noting the discretion vested in the trial court in such a ruling. We went on to state as follows: "Rule 41(b) sets no deadline for the moving party to act; indeed, the court retains inherent power to dismiss an action for failure to prosecute pursuant to its own motion." The facts of the in-

stant case reflect a stronger basis for dismissal than those in *Wilson.*

In *Utah Oil Co. v. Harris,* Utah, 565 P.2d 1135 (1977), we held that a 16-month delay under the particular facts there presented, did not justify dismissal for lack of prosecution. Nonetheless, we repeated the basic factors that justify dismissal as follows: [1]

1. The conduct of both parties.

2. The opportunity each has had to move the case forward.

3. What each of the parties have done to move the case forward.

4. What difficulty or prejudice may have been caused to the other side.

5. And, most important, whether injustice may result from the dismissal.

Under the facts related hereinabove, it is clear that there was no abuse of discretion, nor was any injustice engendered by the trial court's dismissal.

We recognize, as pointed out by the defendant here, that in *Department of Social Services v. Romero,* Utah, 609 P.2d 1323 (1980), we assigned as an important consideration defendant's willingness to permit the claim filed against him to lie dormant to his benefit and when called to account, to move for dismissal for the reason that the State failed to pursue the claim to judgment. The case is not in point, and is no authority for application of the principles restated above.

Affirmed, without costs on appeal.

---

**1.** Quoting *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.,* Utah, 544 P.2d     876 (1975).