### Keith P. GRUNDMANN d/b/a Custom Coil, Plaintiff and Respondent,

v.

### WILLIAMS & PETERSON, Defendant and Appellant.

### No. 19674.

Supreme Court of Utah.

June 21, 1984.

1. *Wilson v. Lambert,* Utah, 613 P.2d 765 (1980).

———

Stephen Roth, Mark A. Larsen, Salt Lake City, for defendant and appellant.

W. Jeffrey Fillmore, Paul D. Veasy, Salt Lake City, for plaintiff and respondent.

### PER CURIAM.

This is an appeal from an order dismissing both the complaint and the counterclaim pursuant to a motion for such dismissal filed by the plaintiff. The motion was founded on failure of the parties to prosecute the actions alleged in both the complaint and the counterclaim. The matter was resolved after a full hearing, where affidavits and briefs were reviewed in light of the authorities cited.

The trial court has considerable discretion in cases like this.[1] The decision in this case is specifically supported by *Utah Oil Co. v. Harris,* Utah, 565 P.2d 1135 (1977).[2] That case enumerates the significant factors in determining the propriety of dismissal for failure diligently to prosecute litigation.

In the instant case, the complaint was filed August 24, 1977. It alleged (1)

2. *See also K.L.C. Inc. v. McLean,* Utah, 656 P.2d 986 (1982).

breach of a construction contract, (2) premature recordation of an invalid mechanics lien which constituted slander of title, (3) unpaid goods and labor furnished, and (4) wilful misrepresentation to the I.R.S. of money due to defendant that threatened a forced sale of the plaintiff's assets. The defendant answered the complaint on January 4, 1978, and also filed a counterclaim for money allegedly due under the construction contract. Plaintiff answered these allegations and filed a motion for summary judgment to declare the mechanics lien void, which motion was granted on May 4, 1978.

Thereafter, plaintiff's counsel died, defendant's counsel withdrew, and neither party notified the other to obtain other counsel as required under U.C.A., 1953, § 78–51–36. Nothing was done thereafter to prosecute either of the claims for over four years.[3]

On July 28, 1982, an appearance of counsel for defendant was filed. Another year of inactivity ensued when, on July 14, 1983, defendant filed a lengthy list of interrogatories. Plaintiff then filed the motion to dismiss both the complaint and the counterclaim for failure of either of the parties diligently to pursue the lawsuit. After a full hearing, the trial judge on November 30, 1983, granted the motion and dismissed the complaint and the counterclaim under Rule 41(b), Utah R.Civ.P.

On appeal, it is to be noted that the defendant has proffered self-serving facts to the exclusion of those favorably supporting the court's decision. One such instance is noteworthy and illustrative: the defendant emphasized the fact that the plaintiff did not give notice under § 78–51–36 for defendant to obtain new counsel when defendant's counsel withdrew, yet he did not mention the fact that defendant did not give the plaintiff the same notice under the same section when plaintiff's counsel died.

The judgment is affirmed. Costs to plaintiff.

3. The trial judge was unimpressed by defendant's affidavit implying that his counterclaim had been pursued diligently during the moratorium.