COUNTRY MEADOWS CONVALES-CENT CENTER, a Delaware corporation, Petitioner and Appellant,

v.

UTAH DEPARTMENT OF HEALTH, DIVISION OF HEALTH CARE FINANCING, Defendant and Appellee.

No. 920302–CA.

Court of Appeals of Utah.

April 21, 1993.

Dale E. Stratford, Ogden, for petitioner and appellant.

Jan Graham, Douglas W. Springmeyer, and J. Stephen Mikita, Salt Lake City, for defendant and appellee.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Petitioner, Country Meadows Convalescent Center, Inc. (Country Meadows), appeals the district court's dismissal of its petition for review of a decision by the Utah Department of Health (UDOH) and its grant of summary judgment in favor of UDOH. We affirm the dismissal for failure to prosecute based upon Utah Rule of Civil Procedure 41(b).

## BACKGROUND

Because evaluation of a district court's decision to dismiss for failure to prosecute is fact sensitive, we present the facts in some detail. *Meadow Fresh Farms v. Utah State Univ.*, 813 P.2d 1216, 1219 (Utah App.1991). In February 1978, Ms. Eva S. Barney and her son, Carl W. Barney, formed a partnership to build the Country Meadows Convalescent Center, a nursing home in South Ogden, Utah, which would provide intermediate and skilled nursing care to Medicaid recipients. Carl Barney's construction company, C.W. Barney, Inc., built the facility pursuant to a negotiated contract which provided him reimbursement for costs plus a 10% contractor's fee. After completing construction of the facility in September 1978, Carl Barney became the facility's administrator, and the

Barneys reformed their partnership into a corporation.

In 1979, Country Meadows applied to UDOH's Division of Health Care Financing for reimbursement of the construction costs incurred in building the nursing home. The Division of Health Care Financing denied the 10% contractor's fee stipulated in the Barneys' contract on the grounds that (1) relevant Medicaid regulation would define C.W. Barney, Inc. and Country Meadows as "related entities," and (2) its reimbursement scheme, outlined in 42 Code of Federal Regulations § 405.-527, disallowed costs to related organizations beyond those actually incurred. Both an Administrative Hearing Officer and the executive director of UDOH affirmed this decision.

On July 11, 1986, Country Meadows filed a petition in the third district court for review of the executive director's decision, pursuant to Utah Code Ann. § 26–23–2 (1984). UDOH answered on August 4, 1986. For more than five years thereafter, Country Meadows made no attempt to advance its petition in the district court. Even after receiving a letter in 1988 from UDOH, suggesting that UDOH would delay responding to subsequent reimbursement questions until the pending suit was resolved, Country Meadows allowed the suit to remain dormant.

On December, 17, 1991, UDOH filed a Motion to Dismiss For Failure to Prosecute. Within a month thereafter, Country Meadows filed a motion for summary judgment, to which UDOH responded with a cross motion for summary judgment. On February 3, 1992, the district court granted UDOH's motion to dismiss pursuant to Utah Rule of Civil Procedure 41(b) and its motion for summary judgment, which was premised on the argument that there were

no genuine issues of material fact and UDOH was entitled to judgment as a matter of law.[1] Country Meadows then filed this appeal.

## ANALYSIS

### Standard of Review

"Dismissal for failure to prosecute is a decision within the broad discretion of the trial court." *Charlie Brown Constr. Co. v. Leisure Sports Inc.*, 740 P.2d 1368, 1370 (Utah App.), *cert. denied*, 765 P.2d 1277 (Utah 1987). *See also Grundmann v. Williams & Peterson*, 685 P.2d 538, 538 (Utah 1984). An appellate court, therefore, "will not interfere with that decision unless it clearly appears that the court has abused its discretion and that there is a likelihood an injustice has been wrought." *Charlie Brown Constr.*, 740 P.2d at 1370 (citing *Department of Soc. Serv. v. Romero*, 609 P.2d 1323, 1324 (Utah 1980)).

### Dismissal for Failure to Prosecute

On appeal, Country Meadows argues that the district court erred in dismissing its petition for review on two grounds: (1) UDOH's own failure to move the district court appeal forward negated its right to the dismissal; and (2) the dismissal would create injustice by substantially prejudicing Country Meadows in subsequent Medicaid reimbursement matters.[2] Having reviewed the record, we conclude that the district court did not abuse its discretion in granting UDOH's motion for a dismissal of Country Meadows' petition, and that the dismissal did not cause substantial injustice.

UDOH based its motion to dismiss on Utah Rule of Civil Procedure 41(b) which provides in pertinent part:

---

1. Because we affirm the court's order of dismissal, we do not need to reach the issue of the summary judgment.

2. In its reply brief, Country Meadows also argued that Utah Rule of Civil Procedure 81(d) would foreclose the option of a Rule 41(b) dismissal as inconsistent with the "judicial review of a final determination of the executive director" of a state agency authorized by Utah

Code Ann. § 26–23–1. Because presentation of this argument in a reply brief does not conform to "Rule 24(c) of the Appellate Rules of Procedure limit[ing] answers in a reply brief to new matter in the appellee's brief," we decline to consider this argument. *Larson v. Overland Thrift and Loan*, 818 P.2d 1316, 1321 n. 5 (Utah App.1991), *cert. denied*, 832 P.2d 476 (Utah 1992).

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim of action against him.

Although Utah courts "consider[ ] a motion to dismiss to be a severe measure," *Burnett v. Utah Power & Light Co.*, 797 P.2d 1096, 1097 (Utah 1990), Rule 41(b) requires plaintiffs " 'to prosecute their claims with due diligence, or accept the penalty of dismissal.' " *Charlie Brown Constr. Co. v. Leisure Sports Inc.*, 740 P.2d 1368, 1370 (Utah App.), *cert. denied*, 765 P.2d 1277 (Utah 1987) (quoting *Maxfield v. Fishler*, 538 P.2d 1323, 1325 (Utah 1975)). *See also Hill v. Dickerson*, 839 P.2d 309, 311–13 (Utah App.1992). " 'Rule 41(b) sets no deadline for the moving party to act.' " *K.L.C., Inc. v. McLean*, 656 P.2d 986, 987 (Utah 1982) (quoting *Wilson v. Lambert*, 613 P.2d 765, 768 (Utah 1980)). Nevertheless, a trial court has discretion to dismiss a case under Rule 41(b) when a party neglects to prosecute "without justifiable excuse." *Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.*, 544 P.2d 876, 879 (Utah 1975). "Such nonaction is inexcusable, not only from the standpoint of the parties, but also because it constitutes abuse of the judicial process." *Maxfield v. Rushton*, 779 P.2d 237, 240–41 (Utah App.), *cert. denied*, 789 P.2d 3380 (Utah 1989).

"Cases discussing whether the trial court abused its discretion in dismissing an action for failure to prosecute ... usually seek to balance the need to expedite litigation and efficiently utilize judicial resources with the need to allow parties to have their day in court." *Meadow Fresh Farms v. Utah State Univ.*, 813 P.2d 1216, 1219 (Utah App.1991). The Utah Supreme Court, however, has "cautioned that while expeditious handling of calendars is commendable, it is 'even more important to keep in mind that the very reason for the existence of courts is to afford disputants an opportunity to be heard and to do justice between them.' " *Id.* (quoting *Westinghouse*, 544 P.2d at 879). Therefore, "[t]he trial court's prerogative [to dismiss] falls short of unreasonable and arbitrary action

which will result in injustice." *Westinghouse*, 544 P.2d at 879.

On the other hand, the Utah Supreme Court has noted that "[i]f Rule 41(b), Utah Rules of Civil Procedure, is to be effective in expediting and resolving litigation, it must require litigants to prosecute their claims with due diligence." *Fishler*, 538 P.2d at 1325. Therefore, within the above parameters, a trial court retains discretion to dismiss an action "if a party fails to move forward according to the rules and the directions of the court, without justifiable excuse." *Westinghouse*, 544 P.2d at 879. The burden is on the party "attacking a dismissal for failure to prosecute [to] offer a reasonable excuse for its lack of diligence." *Meadow Fresh Farms*, 813 P.2d at 1218.

To assist courts in assessing the sufficiency of a proffered excuse, the *Westinghouse* court listed five factors in addition to the length of time elapsed, which deserve some consideration. *Westinghouse*, 544 P.2d at 879. These five factors include: "(1) the conduct of both parties; (2) the opportunity each party has had to move the case forward; (3) what each party has done to move the case forward; (4) the amount of difficulty or prejudice that may have been caused to the other side; and (5) 'most important, whether injustice may result from the dismissal.' " *Meadow Fresh Farms*, 813 P.2d at 1219 (quoting *Westinghouse*, 544 P.2d at 879)). *See also K.L.C. Inc.*, 656 P.2d at 988; *Utah Oil Co. v. Harris*, 565 P.2d 1135, 1137 (Utah 1977).

In applying the *Westinghouse* factors, the Utah Supreme Court required that the "totality of the circumstances" be considered to determine "[w]hether delay is a ground for the dismissal of an action." *Romero*, 609 P.2d at 1324. Therefore, a plaintiff cannot isolate and argue facts relevant to only one or two of the *Westinghouse* factors to avoid its burden " 'to prosecute a case in due course without unusual or unreasonable delay,' " *Meadow Fresh Farms*, 813 P.2d at 1218 (quoting *Charlie Brown Constr.*, 740 P.2d at 1370).

■ Nevertheless, Country Meadows' argument focuses on just two of the *Westinghouse* factors: (1) the injustice which would result from the dismissal of the case, and (2) UDOH's failure to independently move the case forward. Country Meadows points out that the injustice which might result from a dismissal is the most important of the *Westinghouse* evaluative factors. *Romero*, 609 P.2d at 1324 (discussing *Westinghouse*, 544 P.2d at 879). Country Meadows then claims that it would suffer manifest injustice as a result of dismissal because it refrained from moving forward on subsequent reimbursement claims submitted to UDOH, pending resolution of this matter.

However, we do not believe that Country Meadow's decision to compound one course of procrastination with another constitutes the type of injustice intended to be prevented by *Westinghouse* or *Romero*. In fact, even where a trial court finds facts indicating that "injustice could result from the dismissal of [a] case," it can dismiss when a plaintiff has "had more than ample opportunity to prove his asserted interest and simply failed to do so." *Rushton*, 779 P.2d at 240. Country Meadows has failed to offer any persuasive or legitimate reason for failing to take steps to advance its petition for over five years. It also has not demonstrated an inability to pursue the delayed reimbursement claims at this time. Therefore, in reviewing the dismissal of this case, we are not persuaded that Country Meadows' subsequent inaction on other reimbursement claims weighs compellingly in favor of our finding an abuse of discretion by the district court.

Country Meadows next asks this court to focus on the behavior of UDOH, claiming that UDOH had "every opportunity to move the case forward" including the potential to request the district court to either issue an order to show cause or calendar a scheduling conference. In support of this argument, Country Meadows quotes from *Romero* which noted "the important fact [ ] that the defendant himself did nothing to move the case forward, but appears to be quite contented to let it lie dormant." *Romero*, 609 P.2d at 1324.[3] However, in discussing *Romero* in a subsequent case, the supreme court described *Romero* as of "no authority for application of the principles" first outlined in *Westinghouse*. *K.L.C. Inc.*, 656 P.2d at 988. Further, the *K.L.C.* court noted the relevance of the timing of defendant Romero's motion to dismiss. *Id.* Romero did not move for a dismissal for failure to prosecute until after he was "called to account" by the State's reactivation of its case against him. *Id.*[4] *See also Johnson v. Firebrand, Inc.*, 571 P.2d 1368, 1370 (Utah 1977) (declaring a dismissal an abuse of discretion because new counsel had reactivated the case prior to the motion). Country Meadows, on the other hand, had made no attempt to reactivate its case prior to UDOH's dismissal motion.

■ The *Westinghouse* decision requires us to consider "the conduct of both parties" in assessing the totality of circumstances relevant to a motion to dismiss. *K.L.C.*, 656 P.2d at 988 (discussing *Westinghouse*, 544 P.2d at 879). While Country Meadows argues that UDOH could have requested the court to issue an order to show cause or set a hearing, our review of Country Meadows' conduct exposes Country Meadows' failure to explain why it did not act itself. Although inaction on the part of a defendant may contribute to the justifiability of a plaintiff's excuse for delay, the duty to prosecute is a duty of due diligence imposed on a plaintiff, not on a defendant. *Meadow Fresh Farms*, 813 P.2d at 1218.

We also note that the factors upon which Country Meadows based its arguments are intended to be considered in conjunction with the length of time elapsed. *Westing-*

---

**3.** The *Romero* court affirmed the denial of defendant Romero's motion for a dismissal based on the State's delay in prosecuting him for "misrepresentation and cheating in obtaining public welfare payments." *Romero*, 609 P.2d at 1325.

**4.** The *Romero* court noted that defendant waited until the day of the trial to move "to dismiss the complaint on the grounds of failure to diligently prosecute the case." *Romero*, 609 P.2d at 1324.

*house,* 544 P.2d at 849. Dismissals following dormancy periods of two to three years have been upheld as within the discretion of a trial court. *See Fishler,* 538 P.2d at 1324; *Charlie Brown Constr.,* 740 P.2d at 1369–70. In this case more than five years of complete inactivity elapsed between UDOH's filing its answer and its motion for a dismissal.

We conclude that, even in combination, the effect of allegedly adverse consequences of this dismissal and UDOH's inactivity prior to its motion to dismiss do not constitute a reasonable excuse for Country Meadows' lack of diligence in pursuing its petition for review. Further, Country Meadows' nonaction for over five years indicates that the district court did not act unreasonably or arbitrarily in dismissing this action. When a "trial court has provided plaintiffs 'an opportunity to be heard and to do justice,' and that plaintiff abuses its opportunity through inexcusable neglect, the trial court does not abuse its discretion in dismissing the case." *Charlie Brown Constr.,* 740 P.2d at 1371 (citations omitted).

Because the district court did not abuse its discretion in dismissing Country Meadows' case against UDOH, that dismissal "'operates as an adjudication upon the merits' of the case." *Maxfield v. Rushton,* 779 P.2d 237, 239 (Utah App.1989) (quoting Utah R.Civ.P. 41(b)[5]). *See also Charlie Brown Constr.,* 740 P.2d at 1371 (affirming the dismissal of an action "with prejudice and on the merits"). Because dismissal of an action under 41(b) "is dispositive of the case," *Maxfield,* 779 P.2d at 241, we need not consider the district court's decision on the merits of UDOH's motion for summary judgment. *See also Schoney v. Memorial Estates, Inc.,* 790 P.2d 584, 587 (Utah App.1990) ("Because the court's entry of default judgment is fully supported ... we need not address the issue of whether the entry of summary judgment was also proper in this case.").

**5.** The language in Rule 41(b) relevant to the effect of a dismissal states, "Unless the court in its order for dismissal otherwise specifies, a

CONCLUSION

Because Country Meadows failed to provide any reasonable justification for its failure to prosecute the case against UDOH for over five years, we affirm the district court's dismissal of that action based upon Utah Rule of Civil Procedure 41(b). The dismissal of the case with prejudice disposes of any need for us to consider the district court's grant of summary judgment.

GARFF and ORME, JJ., concur.

dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits."