2002 UT App 109

Joseph W. ROHAN, Plaintiff and Appellant,

v.

Chad BOSEMAN, a minor; and Jerald Boseman, an individual, Defendants and Appellees.

No. 20001148–CA.

Court of Appeals of Utah.

April 11, 2002.

Rehearing Denied May 6, 2002.

Joseph W. Rohan, Halliday & Watkins, PC, Salt Lake City, Appellant Pro Se.

Mark S. Gustavson, Sandy, and Robert L. Jeffs and Rodney W. Rivers, Jeffs & Jeffs, Provo, for Appellees.

Before JACKSON, P.J., and BILLINGS, Associate P.J. and DAVIS, J.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Joseph W. Rohan (Rohan) appeals the trial court's dismissal of his negligence action and award of attorney fees and costs to Chad and Gerald Boseman (the Bosemans). We affirm.

## BACKGROUND

¶ 2 In January 1997, Rohan suffered head injuries in a vehicular accident involving Chad Boseman. In April 1997, Rohan learned he had a closed brain injury.

¶ 3 Following the accident, Rohan, a licensed Utah attorney, continued to practice law with Halliday & Watkins, P.C. In early 1998, Rohan retained Halliday & Watkins to represent him in a negligence action against the Bosemans. On April 23, 1998, Rohan, through Halliday & Watkins, filed a complaint. Thereafter, the parties proceeded to conduct settlement negotiations and discovery. In an August 1999 letter, Rohan, through Halliday & Watkins, informed the Bosemans that he intended to terminate settlement negotiations and proceed to trial.

¶ 4 On October 28, 1999, a year and a half after Rohan's complaint was filed, the trial court issued an order to show cause as to why Rohan's action should not be dismissed for failure to prosecute. Following a hearing in November 1999, the trial court continued the order to show cause for sixty days.

¶ 5 On January 19, 2000, Rohan, through Halliday & Watkins, filed a certificate of readiness for trial. The Bosemans objected arguing, inter alia, that Rohan had failed to provide documents requested in discovery, and consequently, they had been unable to complete Rohan's deposition. They requested 120 days to complete discovery.

¶ 6 In a conference on March 2, 2000, the trial court scheduled a final pretrial conference for June 5 and trial for June 20–23, 2000. The court ordered the parties to complete discovery by May 26, 2000.

¶ 7 After the scheduling conference, the Bosemans filed a motion to compel production of the documents they had previously requested from Rohan. The motion was granted. Later in March, both parties designated trial witnesses and exhibits. Rohan's designations were through Halliday & Watkins and included medical experts.

¶ 8 Sometime in March 2000, Rohan concluded that Halliday & Watkins lacked the experience to try his case. Thus, he retained Robert Orton (Orton) of Fabian & Clendenin, P.C. In March and April, Orton attended supplemental depositions; in May, he examined medical records at the office of the Bosemans' counsel. However, Orton never filed a formal appearance in Rohan's action.

¶ 9 A week before the final pretrial conference, Orton informed Rohan that he could not depose experts in time for trial and he would not represent Rohan without a continuance. Thus, on June 2, 2000, Rohan filed a pro se motion to continue trial for ninety days and to extend discovery for sixty days so that Orton could "identify supplemental expert and fact witnesses," "conduct further discovery," and prepare for trial. In the motion, Rohan also sought the withdrawal of Holliday & Watkins and to substitute Orton as counsel.

¶ 10 At the final pretrial conference on June 5, 2000, Halliday & Watkins appeared on Rohan's behalf. The trial court took Rohan's motion to continue under advisement, but instructed the parties and counsel to prepare for trial. Later that day, the court denied the continuance because Rohan had failed to establish good cause as required by Utah law and because, under the circumstances, fifteen days [1] before trial was too late to substitute counsel.

¶ 11 On June 6, 2000, Rohan filed a pro se notice of discharge and discharged Halliday & Watkins. The next day, he filed a pro se motion for a voluntary dismissal, arguing he

---

1. The motion to continue and substitute counsel was actually filed eighteen days before trial.

lacked counsel and it would be manifestly unfair to require him to try his own brain injury case. The Bosemans opposed the motion arguing, inter alia, Rohan voluntarily discharged his counsel, he could not claim surprise with respect to his counsels' lack of experience, and they would suffer prejudice if Rohan's motion were granted. The trial court summarily denied the motion for the reasons specified in the Bosemans' objection.

¶ 12 On June 15, 2000, Rohan filed a notice of inability to bring his case to trial. The Bosemans responded that unless otherwise informed by the court, they would continue to prepare for trial. On June 19, 2000, the day before trial, Rohan filed a renewed motion for a continuance and voluntary dismissal, arguing the trial court's refusal to grant the renewed motion would violate the Americans with Disabilities Act (ADA).

¶ 13 Rohan appeared pro se at trial. At the outset, the court denied the renewed motion, concluding Rohan's assertion that the ADA required the court to grant a continuance or voluntary dismissal was without basis in law and fact. Rohan informed the court that he did not have any witnesses and was not prepared to proceed. Consequently, the Bosemans made a motion to dismiss the case with prejudice for failure to prosecute. The trial court granted the motion and awarded the Bosemans' attorney fees and costs incurred as a result of Rohan's "willful failure or refusal" to proceed with trial.

¶ 14 On August 7, 2000, Rohan filed a pro se motion for a new trial, primarily asserting the dismissal with prejudice violated the ADA, but also asserting the dismissal violated the United States and Utah Constitutions. The trial court denied the motion. Rohan appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 15 Rohan argues the trial court erred in denying his motions for a continuance and voluntary dismissal and in dismissing his case with prejudice for failure to prosecute. We review these actions of the trial court for abuse of discretion. *See Brown v. Glover*, 2000 UT 89,¶ 43, 16 P.3d 540; *Harmon v. Greenwood*, 596 P.2d 636,

639–40 (Utah 1979); *Maxfield v. Rushton*, 779 P.2d 237, 239 (Utah Ct.App.1989).

¶ 16 Rohan also argues he was entitled to a continuance or dismissal without prejudice under the ADA. He additionally argues the denial of his motions violates his right to due process and equal protection under the United States and Utah Constitutions. These issues present questions of law that we review for correctness. *See, e.g., State v. Mast*, 2001 UT App 402,¶¶ 7–8, 40 P.3d 1143.

¶ 17 Finally, Rohan argues the trial court erred in awarding attorney fees and costs to the Bosemans. Whether attorney fees are recoverable in the present case is a question of law that we review for correctness. *See, e.g., Warner v. DMG Color, Inc.*, 2000 UT 102,¶ 21, 20 P.3d 868.

## ANALYSIS

I. Did the Trial Court Exceed Its Discretion in Denying Rohan's Motions for a Continuance and Voluntary Dismissal?

¶ 18 Rohan first argues the trial court exceeded its discretion in denying his initial motion for a continuance. In relevant part, Rule 40 of the Utah Rules of Civil Procedure provides that "the court may in its discretion, and upon such terms as may be just, ... postpone a trial ... upon good cause shown." Utah R. Civ. P. 40(b).

¶ 19 We conclude the trial court acted within its discretion in denying Rohan's initial motion for a continuance, which' was based solely upon his desire for more experienced counsel. Rohan was aware that he had a brain injury from the outset, yet he proceeded through his firm, Halliday & Watkins, for more than two years. Then, in March 2000, he concluded he needed more experienced counsel. In November 1999, the trial court put Rohan on notice that he must prosecute his case. This is when Rohan should have decided who would represent him. Instead, Rohan waited until eighteen days before trial, over two years after he filed his complaint, to request a continuance and to formally substitute counsel. Rohan has not offered a reasonable explanation for

his dilatory conduct. Under these circumstances, we cannot say the trial court exceeded its discretion in denying a continuance. Cf. *Hardy v. Hardy,* 776 P.2d 917, 926 (Utah Ct.App.1989) (concluding trial court did not act unreasonably in denying continuance where prosecution of case had been substantially delayed by failure to agree upon expert witnesses and retain new counsel).

■ ¶ 20 Rohan next argues the trial court exceeded its discretion in denying his renewed motion for a continuance and motions for a voluntary dismissal because it is manifestly unjust to force a party with a brain injury to try his own case. In relevant part, Rule 41 of the Utah Rules of Civil Procedure provides that "an action may only be dismissed at the request of the plaintiff on order of the court based either on: (i) a stipulation of all of the parties who have appeared in the action; or (ii) upon such terms and conditions as the court deems proper." Utah R. Civ. P. 41(a)(2).

¶ 21 In assessing whether the trial court exceeded its discretion, Rohan contends we should adopt the analysis of the Tenth Circuit. In the Tenth Circuit, "[a]bsent 'legal prejudice' to the defendant, the [trial] court normally should grant such a dismissal." *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997). "[R]elevant factors the [trial] court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Id.*

¶ 22 Applying the Tenth Circuit's factors, we conclude the trial court did not exceed its discretion in denying Rohan's motions for a voluntary dismissal. The initial motion was made two weeks before trial. Rather than proceeding through Halliday & Watkins, who had represented him throughout the proceedings, Rohan discharged them after his late motion to continue and substitute counsel was denied. Halliday & Watkins had

designated expert witnesses for trial and were counsel of record. By not timely obtaining preferred counsel and by voluntarily discharging Halliday & Watkins just prior to trial, Rohan created his own crisis.

¶ 23 Moreover, the record shows that the Bosemans would have been prejudiced if Rohan's motions for a voluntary dismissal had been granted. Rohan represented to the court and the Bosemans that he was prepared to try his case in January 2000, then recounted that representation just days before trial. The Bosemans incurred costs in preparing for trial, specifically in deposing witnesses and obtaining experts. Thus, we cannot say the trial court exceeded its discretion in refusing to grant Rohan's motions for a voluntary dismissal. Nor can we say the trial court exceeded its discretion in concluding Rohan failed to establish good cause and thus in denying Rohan's renewed motion for a continuance.

## II. Did the Denial of Rohan's Motions Violate the Americans with Disabilities Act?

■ ¶ 24 Rohan argues the ADA required the trial court to grant him a continuance or dismissal without prejudice because he made a prima facie showing that he was a qualified individual with a disability. He further argues that a continuance or dismissal without prejudice was a reasonably necessary accommodation that would not have fundamentally altered the nature of the judicial process.[2]

¶ 25 Title II of the ADA provides that "no qualified individual with a disability shall, *by reason of such disability,* be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (West 1995) (emphasis added). To prevail on his ADA claim, Rohan must establish:

"(1) that he ... is a qualified individual with a disability; (2) that he ... was either excluded from participation in or denied

---

**2.** Rohan also argues the trial court erred as a matter of law in denying his motion for a new trial after he made a prima facie showing that he was a qualified individual with a disability under the ADA. Rohan's arguments in support of his

motion for a new trial do not materially differ from his arguments in support of his motions for a continuance and voluntary dismissal. Thus, we do not address them separately.

the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was *by reason of [his] disability.*"

*Gohier v. Enright,* 186 F.3d 1216, 1219 (10th Cir.1999) (quoting *Tyler v. City of Manhattan,* 849 F.Supp. 1429, 1439 (D.Kan.1994)) (emphasis added).

¶ 26 Assuming, but not deciding, that the first two elements were met, Rohan's claim fails because he has not established that the trial court excluded him from the court system or discriminated against him "by reason of his disability." The record shows the trial court's denial of his motions did not depend on the assumption that Rohan was a practicing attorney and thus could litigate his case. Rather, the record shows that the trial court denied Rohan's motion seeking the withdrawal of Halliday & Watkins and they were counsel of record. The court's actions were occasioned not by Rohan's disability, but by his refusing to prosecute his case in a timely manner through his counsel of record and as a sanction for his dilatory conduct. Thus, we conclude the trial court did not err in denying Rohan's renewed motion.

### III. Did the Trial Court's Denial of Rohan's Motions Violate Due Process or Equal Protection?

¶ 27 Rohan argues the trial court's denial of his motions for a continuance or voluntary dismissal violated his right to due process and equal protection under the United States Constitution and right to due process, uniform operation of laws, and access to the courts under the Utah Constitution. Rohan's "brief fails to adequately set forth an argument as required by Rule 24(a)(9) of the Utah Rules of Appellate Procedure." *State v. Gamblin,* 2000 UT 44, ¶ 7, 1 P.3d 1108. "Instead of providing this court with meaningful legal analysis," Rohan's brief merely contains one or two general assertions in regard to each constitutional provision. *Id.* Although he cites one or two cases in regard

to each provision, "he does not analyze these cases to demonstrate that his contentions compel reversal of the trial court's ruling. Rather [Rohan's] brief simply cites to these cases as support for his general [assertions]." *Id.* We accordingly decline to consider Rohan's constitutional claims. *See id.* at ¶ 8, 1 P.3d 1108; Utah R.App. P. 24(j).

### IV. Did the Trial Court Exceed Its Discretion in Dismissing Rohan's Action with Prejudice Under Rule 41(b)?

¶ 28 It is well established that under Rule 41(b) of the Utah Rules of Civil Procedure,[3] a trial court has the discretion to dismiss an action with prejudice for failure to prosecute without justifiable excuse. *See, e.g., Maxfield v. Rushton,* 779 P.2d 237, 239 (Utah Ct.App.1989). The party challenging the dismissal bears the burden of offering " 'a reasonable excuse for [his or her] lack of diligence.' " *Country Meadows Convalescent Ctr. v. Utah Dep't of Health,* 851 P.2d 1212, 1215 (Utah Ct.App.1993) (quoting *Meadow Fresh Farms v. Utah State Univ.,* 813 P.2d 1216, 1218 (Utah Ct.App.1991)). However, the trial court's discretion "must be balanced against" the priority of " 'afford[ing] disputants an opportunity to be heard and to do justice between them.' " *Maxfield,* 779 P.2d at 239 (quoting *Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.,* 544 P.2d 876, 879 (Utah 1975)). Thus, we consider the following factors in determining whether the trial court exceeded its discretion in dismissing Rohan's action:

(1) The conduct of both parties; (2) the opportunity each party has had to move the case forward; (3) what each of the parties has done to move the case forward; (4) what difficulty or prejudice may have been caused to the other side; and (5) most important, whether injustice may result from the dismissal.

*Maxfield,* 779 P.2d at 239. "[E]ven where a trial court finds facts indicating that 'injustice could result from the dismissal of [a] case,' it can dismiss when a plaintiff has 'had more than ample opportunity to prove his [or

---

3. In relevant part, Rule 41(b) of the Utah Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with ...

any order of court, a defendant may move for dismissal of an action or of any claim against him."

her] asserted interest and simply failed to do so.'" *Country Meadows*, 851 P.2d at 1216 (quoting *Maxfield*, 779 P.2d at 240).

¶ 29 Applying the factors in the present case, from the outset, both parties proceeded to actively conduct settlement negotiations and discovery. In August 1999, Rohan informed the Bosemans that he intended to proceed to trial. A year and a half after the complaint was filed, the trial court issued an order to show cause for failure to prosecute. Thereafter, Rohan indicated to the court and the Bosemans that he intended to proceed to trial. In fact, in January 2000, Rohan, through Halliday & Watkins, filed a certificate of readiness for trial.

¶ 30 Despite his representation that he was prepared for trial, and although he was aware of his brain injury from the outset, and had hired counsel from his firm to represent him, Rohan did not seek more experienced counsel until approximately three months before trial. He then waited until just over two and a half weeks before trial to attempt to substitute counsel and inform the court and the Bosemans that he needed more time to prepare and find additional experts, although he had designated such experts. After the trial court denied his motion to continue and substitute counsel, he proceeded to discharge Halliday & Watkins, who had represented him from the outset, creating his own crisis. Clearly, Rohan had ample opportunity to obtain competent experts and counsel and to prepare for trial. Rohan has offered no reasonable justification for his dilatory behavior.

¶ 31 Further, not granting the dismissal would have prejudiced the Bosemans because they incurred costs in locating witnesses and preparing for trial. A continuance or dismissal without prejudice would impose additional costs, including the costs of deposing new witnesses obtained by Rohan. The Bosemans were also inconvenienced by Rohan's failure to prosecute.

¶ 32 Although a dismissal with prejudice deprives Rohan of the opportunity to litigate the merits of his negligence action, Rohan "had ample opportunity to litigate [his] case ... but abused such opportunity," and thus we cannot say the trial court exceeded its

discretion in dismissing Rohan's case with prejudice. *Hill v. Dickerson*, 839 P.2d 309, 312 (Utah Ct.App.1992).

## V. Did the Trial Court Err in Awarding Attorney Fees and Costs to the Bosemans?

¶ 33 Rohan argues the trial court's award of attorney fees and costs to the Bosemans did not meet the requirements of Utah Code Ann. § 78–27–56 (1996). The trial court awarded $4,632.50 in fees and $987.18 in costs that the Bosemans incurred between June 15 and June 20, 2000, as a result of Rohan's refusal to proceed with trial. The trial court based its award on its "inherent authority to govern judicial proceedings and make appropriate sanctions" and on section 78–27–56.

¶ 34 As a threshold matter, Rohan does not challenge the award of fees based on the inherent authority of the court. Ordinarily "attorney fees are awarded only if authorized by a statutory or contractual provision." *Jensen v. Bowcut*, 892 P.2d 1053, 1058 (Utah Ct.App.1995). However, the Utah Supreme Court has stated that "'a court has inherent equitable power to award reasonable attorney fees when it deems appropriate in the interest of justice and equity.'" *Id.* (quoting *Stewart v. Public Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994)). "[C]ourts [in other jurisdictions] have used their equitable power to award attorney fees where a party has acted '"in bad faith, vexatiously, wantonly, or for oppressive reasons."'" *Id.* (citations omitted); *see also Griffith v. Griffith*, 1999 UT 78,¶ 14, 985 P.2d 255 (recognizing court's inherent powers to award attorney fees as a sanction for "'delay, inconvenience and the expense resulting from [the attorney's] behavior'" (quoting *Barnard v. Wassermann*, 855 P.2d 243, 248 (Utah 1993)) (alteration in original)).

¶ 35 The trial court found that Rohan acted in bad faith and was dilatory. In challenging the trial court's findings, Rohan was required to "marshal the evidence, citing the appellate court to all the evidence supporting [the] trial court's ruling." *Wardley Better Homes & Garden v. Cannon*, 2001 UT

App 48,¶ 7, 21 P.3d 235. Then, Rohan was required to "demonstrate why, even when viewed in the light most favorable to the trial court, the evidence is insufficient to support the challenged finding[s]." *Id.* Rohan did not meet his burden to marshal, and thus we assume the record supports the trial court's findings. *See id.*

¶ 36 The trial court also based its fee award on section 78–27–56. That section provides, "[T]he court shall award reasonable attorney[ ] fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith." *Id.*

¶ 37 Rohan argues the trial court erred in concluding that "the action" was without merit as a matter of law. However, the trial court did not find that the underlying negligence action was without merit. Rather, the court concluded that the Bosemans were entitled to fees and costs caused by Rohan's refusal to prosecute the case, as his refusal to prosecute was without merit and in bad faith. The court also concluded that Rohan's renewed motion for a continuance or voluntary dismissal based on the ADA was without merit.

¶ 38 We agree with the trial court that Rohan's renewed motion based on the ADA, filed the day before trial, was frivolous and without basis in law or fact. Thus, the first requirement of section 78–27–56 was met.

¶ 39 In regard to the second requirement, to find Rohan acted without good faith, the trial court was required to find that he: (1) "lacked an honest belief in the propriety of the activities in question;" (2) "intended to take unconscionable advantage of others;" or (3) "intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others." *Valcarce v. Fitzgerald*, 961 P.2d 305, 316 (Utah 1998). The lack of good faith finding "must be supported by sufficient evidence that one or more of these factors existed." *Chipman v. Miller*, 934 P.2d 1158, 1163 (Utah Ct.App.1997).

¶ 40 In conclusion of law six, the trial court stated that Rohan's failure to prosecute his case was "in bad faith and ...

*with an intent* to hinder or delay the proceedings of this court." (Emphasis added.) Further, in its findings of fact, the trial court found that Rohan indicated to the Bosemans and the court that he intended to proceed to trial, filing a certificate of readiness for trial. At the final pretrial conference, the trial court instructed Rohan and his counsel to prepare for trial, and later that day, denied Rohan's motion to continue and substitute counsel. Nevertheless, two weeks before trial, Rohan discharged his counsel and filed his initial motion for a voluntary dismissal, which was denied. Five days before trial, Rohan informed the court and the Bosemans that a trial would not occur because he was unable to proceed. The Bosemans responded that they would prepare for trial absent a contrary order from the court. The day before trial, Rohan filed his renewed motion for a continuance or voluntary dismissal under the ADA, which the trial court concluded was without merit. At trial, Rohan appeared without witnesses, unprepared to proceed. We agree that such behavior supports a finding of bad faith. Thus, we affirm the trial court's award of attorney fees and costs.

## CONCLUSION

¶ 41 We conclude the trial court did not exceed its discretion in denying Rohan's motions for a continuance and voluntary dismissal and dismissing Rohan's action with prejudice. We also conclude the trial court did not err in awarding attorney fees and costs to the Bosemans. We therefore affirm.

¶ 42 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JAMES Z. DAVIS, Judge.